575 P.2d 315

**GRAIN DEALERS MUTUAL INSURANCE COMPANY, a corporation, Appellant,**

v.

**Thornton W. JAMES and Jessie James, husband and wife, Richard Scott James, a minor, Margaret B. Polk, a divorced woman, Frank Polk, a divorced man, Kathy Polk, a minor, State Farm Mutual Automobile Insurance Company, a corporation, Appellees.**

No. 13180.

Supreme Court of Arizona, In Division.

Feb. 3, 1978.

Gust, Rosenfeld, Divelbess & Henderson by Charles E. James, Jr., Harold H. Swenson, Phoenix, for appellant.

Rowland W. Stevens, Goodyear, for appellees James.

Penterman, Corbet & Grace by Leo F. Corbet, Jr., Phoenix, for appellees Polk.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Ralph E. Hunsaker, P. Michael Whipple, Phoenix, for appellee State Farm Mut. Auto. Ins. Co.

GORDON, Justice:

This is an appeal from the granting of a summary judgment in a declaratory judgment action. We have taken jurisdiction pursuant to Rule 47(e), 17A A.R.S. Rules of the Supreme Court.

The sole issue to be resolved by the declaratory judgment action is whether Richard James is covered by his parents' automobile owner's policy which states in part:

"Persons Insured: The following are insureds under Part I:

\* \* \* \* \* \*

"(b) with respect to a non-owed automobile,

"(1) the named insured,

"(2) any relative, but only with respect to a private passenger automobile or trailer, provided his actual operation or (if he is not operating) the other actual use thereof is with the permission, or reasonably believed to be with the permission of the owner and is within the scope of such permission \* \* \*."

Following cross motions for summary judgment, the trial court found in favor of coverage, but did not set forth its underlying reasoning. This appeal presents the question of whether there exists any genuine issue as to any material fact on whether James' operation of the non-owned auto was not: (1) with the permission or reasonably believed to be with the permission of the owner and (2) within the scope of such permission. We believe material questions of fact remain as to both issues rendering the summary judgment inappropriate.[1]

All of the actors in the scenario underlying this action are teenagers. On September 22, 1975, David Duguay obtained permission from his step-mother to utilize her Ford for a trip to Tucson in order to pick up his possessions and return to Phoenix. Before leaving for Tucson, Duguay parked the auto at Dave Brown's house, and traveled to the Adobe Mountain School with Brown

---

1. Since a denial of a motion for summary judgment is not an appealable order, *Fernandez v. Garza*, 93 Ariz. 318, 380 P.2d 778 (1963), we do not take any position on the merits of appellant's cross motion for summary judgment which was denied.

and Dennis Klym in Brown's car. At the school two police officers approached the car, whereupon Duguay handed Klym the Ford keys and said, "Take this. I know I'm going to get arrested. Take it to my father's house". Duguay's foresight proved to be correct. Apparently due to the late hour, Brown drove Klym home, leaving the Duguay vehicle parked at Brown's house. The next day, Klym who did not have a driver's license called Richard James for assistance in returning the Duguay car. Since a mutual friend had informed Klym and James that they would probably not receive a ride home after returning the Duguay vehicle, the two traveled to Duguay's place of incarceration to discuss the transportation problem. However, they arrived before visiting hours, so they proceeded to drive about Phoenix, and eventually picked up another friend, Wayne McDermid. After more driving about, the three decided to return a backpack to a store from which James and McDermid had rented it. Unfortunately, while James was driving, they collided with another automobile at 19th Avenue and Northern before reaching the store.

■ Even though cross motions for summary judgment were filed, a court may not grant a summary judgment unless there remains no genuine issue as to any material fact and one of the parties is entitled to judgment as a matter of law. *Arizona Land Title & Trust Co. v. Safeway Stores, Inc.,* 6 Ariz.App. 52, 429 P.2d 686 (1967); Rule 56(c), 16 A.R.S. Rules of Civil Procedure. In determining this appeal, we must examine the evidence in a light most favorable to the party opposing the judgment, and if there is the slightest doubt as to the material facts, the judgment will be reversed for a trial on the merits. *Sellers v. Allstate Insurance Company,* 113 Ariz. 419, 555 P.2d 1113 (1976); *City of Phoenix v. Space Data Corporation,* 111 Ariz. 528, 534 P.2d 428 (1975).

■ Turning first to the questions of whether James was operating the vehicle with the owner's permission and whether he was within the scope of such permission at the time of the accident, we are guided by the presumption that a driver of an automobile involved in an accident is acting in the business of the owner and therefore with the owner's permission. *Hille v. Safeco Insurance Company of America,* 25 Ariz. App. 353, 543 P.2d 474 (1975). Dennis Klym's testimony indicated the backpack shop was along the route he had previously taken to the Duguay residence, and that he intended to deliver the auto after dropping off the backpack. These facts would serve to buttress the presumption, since the proposed stop would have been, at most, a minor deviation. *See James v. Aetna Life & Casualty,* 26 Ariz.App. 137, 546 P.2d 1146 (1976).

However, the testimony of both James and Wayne McDermid are contrary to Klym's story. They believed the trip to the backpack shop was unrelated to returning the Duguay vehicle. Instead, they indicated the vehicle was not to be returned until after Klym would have visited David Duguay at the jail that night. Viewing this testimony in a light most favorable to the appellant, one could conclude the backpack trip was a total frolic. This evidence not only dissolves the presumption of permission, *Universal Underwriters Insurance Company v. State Automobile and Casualty Underwriters,* 108 Ariz. 113, 493 P.2d 495 (1972), but it could also negate coverage due to the "scope of such permission" requirement in the insurance policy. Thus, because of the diversity of testimony on the material issue of the purpose of the trip which ended with the collision, we conclude the trial court erred in granting summary judgment on the above issue.

■ We must still consider whether the summary judgment is supported by the theory that James "reasonably believed" his use of the vehicle was with the permission of the owner. Normally, summary judgment is not appropriate if a material issue concerns one of the parties' state of mind. *Reidy v. Almich,* 4 Ariz.App. 144, 418 P.2d 390 (1966); *Geiler v. Arizona Bank,* 24 Ariz. App. 266, 537 P.2d 994 (1975). From the evidence presented, this case is not an ex-

ception to the general rule. Richard James had seen Duguay driving the car in issue prior to the day of the accident, but did not know who the owner was. He did not believe the car was stolen. Although he knew the car was to be returned to Duguay's parents' house, he was not aware of any time limitations. In fact, he believed the plan called for returning the car after visiting Duguay at the jail that evening. But, James admitted the accident occurred on a trip, the sole purpose of which was to return the backpack. Faced with this evidence, reasonable men could differ as to whether Richard James reasonably believed he was operating the vehicle with the permission of the owner, and whether he was within the scope of that permission. Accordingly, summary judgment was inappropriate. Rule 56(c), 16 A.R.S. Rules of Civil Procedure.

Even though all parties had moved for a summary judgment, alleging that no material questions of fact remained, the granting of the summary judgment was error. The conflicting testimony on the ultimate purpose of the final trip precluded a summary judgment on the issues of the owner's permission and whether James' actions were within the scope of that permission. Similarly, Richard James' state of mind constituted a major issue which could only be determined by a trier of fact. Because of these questions, which properly lie within the province of a trier of fact, we are reversing the granting of the summary judgment.

Judgment of the superior court is reversed and the case remanded for further proceedings not inconsistent with this opinion.

CAMERON, C. J., and HOLOHAN, J., concurring.