674 P.2d 316

STATE of Arizona ex rel Robert K. CORBIN, Attorney General of Arizona, Plaintiff/Appellee,

v.

Marvin SABEL, Mayor; and Mary Boedeker, Albert O. Hamre, William J. Lewallen, Lowell Widler, and Ray A. Yoder, comprising the members of the Town Council of Arizona City, Arizona, a purportedly incorporated Town, Defendants/Appellants.

No. 2 CA–CIV 4671.

Court of Appeals of Arizona, Division 2.

June 17, 1983.

Rehearing Denied Sept. 28, 1983.

Review Denied Dec. 13, 1983.

Robert K. Corbin, Atty. Gen. by Anthony B. Ching and Toni McClory, Phoenix, for plaintiff/appellee.

Stanfield, McCarville, Coxon & Fitzgibbons by Thomas A. McCarville and Joseph C. Butner III, Casa Grande, for defendants/appellants.

## OPINION

BIRDSALL, Judge.

This is an appeal from a summary judgment in favor of the appellee, the State of Arizona, and against the appellants, the mayor and members of the town council of Arizona City, in a quo warranto action challenging the incorporation of Arizona City as a town. We affirm.

In 1981 residents of Arizona City sought to incorporate as a town. They elected to proceed under A.R.S. § 9–101.B, which allows "ten per cent of the qualified electors residing in a community containing a population of fifteen hundred or more ..." to petition the board of supervisors for an election to determine the population's desire to incorporate. Following such a petition and a favorable election, the Board of Supervisors of Pinal County declared Arizona City to be an incorporated town. The appellants were subsequently elected as the first mayor and town council.

The appellee brought this quo warranto action challenging the jurisdiction of the board of supervisors to incorporate Arizona City. The appellee claimed that Arizona City lacked the minimum population requirement of 1,500 needed for incorporation under A.R.S. § 9–101.B. The board of supervisors lacks jurisdiction to incorporate a town if the 1,500 population requirement of A.R.S. § 9–101 is not met. See State ex rel. Pickrell v. Downey, 102 Ariz. 360, 430 P.2d 122 (1967). In quo warranto actions such as this, the trial court, in reviewing the board of supervisors' decision,

is not limited to a mere review of the record of prior proceedings but must also accept evidence concerning questions of fact raised by the pleadings. *See State ex rel. Pickrell v. Downey, supra.* The trial court granted summary judgment in favor of the appellee finding that Arizona City lacked the required 1,500 population, no genuine dispute as to any material fact existed, and the board of supervisors lacked jurisdiction to incorporate Arizona City. This appeal followed.

In reviewing a summary judgment, we view the evidence most favorably to the party against whom the summary judgment was entered. Thus, we give the appellants the benefit of all reasonable inferences which may be drawn from the record. *See Grain Dealers Mutual Insurance Co. v. James,* 118 Ariz. 116, 575 P.2d 315 (1978). A summary judgment may be properly granted if the record shows no genuine dispute as to any material fact, if only one inference can be drawn from the undisputed material facts, and if the moving party is entitled to judgment as a matter of law. *See Tribe v. Shell Oil Co., Inc.,* 133 Ariz. 517, 652 P.2d 1040 (1982); *Nicoletti v. Westcor, Inc.,* 131 Ariz. 140, 639 P.2d 330 (1982).

The sole argument on appeal involves a question of fact; whether Arizona City had the minimum required population for incorporation purposes of 1,500 on June 29, 1981, the date the petition under A.R.S. § 9–101.B was filed. The appellee, in its motion for summary judgment, presented to the trial court sworn affidavits with accompanying documents containing official federal, state and county census results for Arizona City, each showing a population of much less than 1,500. The appellants filed a written memorandum in response to the motion for summary judgment specifically referring to the prior pleadings, motions, affidavits and memoranda of points and authorities. One such prior motion was the appellants' motion to dismiss to which was attached an unsworn letter from an attorney and unsworn letters from several utilities. Those letters contained information regarding utility, water, sanitary and electric hookups and the Arizona City Home and Property Owners Association Directory. The attorney's letter also purported to set forth U.S. Postal Service records and information from the League of Arizona Cities and Towns. The letter stated: "The League of Arizona Cities and Towns has indicated that they use a multiple of three (3) in estimating populations of its member municipalities." Also "The United States Postal Service uses a multiple of 4 when establishing population figures." Thus, using the multiples, the population of the area would be from 1,569 to 2,368. This was the information upon which the board of supervisors apparently relied. Although unsworn, these letters were admissible before the board, which is not bound by the Rules of Evidence and may consider hearsay evidence. *See Begay v. Arizona Department of Economic Security,* 128 Ariz. 407, 626 P.2d 137 (App.1981); *Reynolds Metals Company v. Industrial Commission,* 98 Ariz. 97, 402 P.2d 414 (1965).

The appellee, however, contends that those letters were not proper evidence in the trial court to controvert their motion for summary judgment since they were inadmissible and violated Rule 56(e), Arizona Rules of Civil Procedure, 16 A.R.S., requiring that opposition to a motion for summary judgment be by sworn affidavits showing personal knowledge and competence of the affiant.

It also contends that even if the information contained therein was presented in a form complying with the rule it would be insufficient to controvert the official census data which was supplied. We agree with both contentions.

It may appear at first blush that this is just another case where the party against whom summary judgment has been entered has succeeded in furnishing enough to create at least an inference that a material fact was in dispute. It is not. The material which was before the board of supervisors and consequently reviewed by the trial court did not establish that the population

**256**

of Arizona City was in genuine dispute. It did not contradict the official census figures in any way. At best it showed that there were about 500 dwelling units in the area. Assuming that these dwellings were all occupied the inference of 1,500 inhabitants does not follow. The use by the League of Arizona Cities and Towns of a multiple of 3 in estimating populations of its members does not establish any fact. It does not contravene the official census figures. Nor does the use by the U.S. Postal Service of a multiple of 4.

 The trial court had before it the official population census figures—these showed for Arizona City:

| State | 7/1/81, | 1245 persons |
| U.S. (federal decennial) | 4/1/80, | 825 persons |

The petition was filed June 29, 1981. The election was September 15, 1981. The Board resolution was July 6, 1981. A.R.S. § 9–101.B requires that the minimum population exist when the petition is filed. Therefore the state population estimate which is required to be made gave a population within two days of the critical time. Official census data has exceptional reliability. *See Supervisors of the County of Boone v. Village of Rainbow Gardens*, 14 Ill.2d 504, 153 N.E.2d 16 (1958); *People v. Walker*, 59 Ill.App.3d 192, 16 Ill.Dec. 736, 375 N.E.2d 843 (1978); *In re Assessment for Construction of Sewer in City of Passaic*, 54 N.J.L. 156, 23 A. 517 (1892); *Town of Maysville v. Smith*, 132 Ga. 316, 64 S.E. 131 (1909). Not only is it admissible through judicial notice, *see Hernandez v. Frohmiller*, 68 Ariz. 242, 204 P.2d 854 (1949) and *Lawson v. Ridgeway*, 72 Ariz. 253, 233 P.2d 459 (1951), in some jurisdictions it has been held to be conclusive. *Supervisors of the County of Boone v. Village of Rainbow Gardens, supra.* We believe the better rule to be that the census data is rebuttable by competent evidence. *See People v. Walker, supra; In re City of Passaic, supra; Town of Maysville v. Smith, supra.*

In addition the official federal census data before the court, but not before the board, showed an average household density of 2.46 for Arizona City. Using this multi-

ple would produce much fewer than a 1,500 estimated population.

The trial court was eminently correct in holding that no genuine dispute existed. Nor was the trial judge "weighing" the evidence. There simply was no evidence showing a population of 1500 or more.

 Regarding the form of the appellee's "evidence", controverting affidavits are not necessarily required to oppose a motion for summary judgment. Rule 56(c), Arizona Rules of Civil Procedure, 16 A.R.S. The failure to submit sworn affidavits in response to a motion for summary judgment does not automatically entitle the movant to judgment. *Northern Contracting Co. v. Allis-Chalmers Corp.*, 117 Ariz. 374, 573 P.2d 65 (1977). The court is required to consider portions of verified pleadings, depositions, answers to interrogatories and admissions on file which are brought to the court's attention by the parties. Rule 56(c), Arizona Rules of Civil Procedure, 16 A.R.S. *See Choisser v. State ex rel. Herman*, 12 Ariz.App. 259, 469 P.2d 493 (1970); *Pitzen's Wig Villa v. Pruitt*, 11 Ariz.App. 332, 464 P.2d 652 (1970). Although an affidavit is not necessarily required, the party opposing a motion for summary judgment must in some form present proof by admissible evidence to establish a genuine dispute as to a material fact. *Portonova v. Wilkinson*, 128 Ariz. 501, 627 P.2d 232 (1981).

 We hold in this case that in a quo warranto action challenging the jurisdiction of the administrative body to act, a defendant cannot rely on a presumption of regularity given to the administrative proceedings to withstand a meritorious motion for summary judgment. Even though the trial court must review the record before the administrative body, if any, that record will not suffice to defeat summary disposition unless it satisfies Rule 56(e), Arizona Rules of Civil Procedure, 16 A.R.S. *State ex rel. Anderson v. Port of Tillamook*, 62 Or. 332, 124 P. 637 (1912).

The only evidence creating a dispute as to the population of Arizona City is contained

in the unsworn letters attached to the appellants' motion to dismiss which were before the board. Such evidence is inadmissible hearsay and not proper for consideration by the trial court in determining a motion for summary judgment. *See Portonova v. Wilkinson, supra; Williams v. Campbell, supra.* The only remaining, properly admissible evidence of population was the official census figures contained in sworn affidavits furnished by the appellee supporting its motion for summary judgment. That evidence showed a population of less than 1,500. The trial court correctly granted the motion for summary judgment.

Affirmed.

HOWARD, C.J., and HATHAWAY, J., concur.