805 P.2d 1012

**UNITED BANK OF ARIZONA, an Arizona corporation, Plaintiff–Appellee,**

**v.**

**James E. ALLYN and Martha H. Allyn, husband and wife; James Allyn & Associates, Inc., Pension Plan, Defendants–Appellants.**

**No. 1 CA–CIV 88–474.**

Court of Appeals of Arizona, Division 1, Department B.

April 17, 1990.

Reconsideration Denied July 17, 1990.

Review Denied March 5, 1991.

---

Carson, Messinger, Elliott, Laughlin & Ragan by Evan R. Laughlin, Phoenix, for plaintiff-appellee.

Tiffany & Hoffmann, P.A. by Dow Glenn Ostlund, Phoenix, for defendants-appellants.

## OPINION

LANKFORD, Judge.

This appeal challenges a summary judgment entered by the superior court. The question presented is whether the court properly granted appellee's motion for summary judgment despite evidence presented with the motion which revealed on its face that summary judgment was not warranted. Appellants claim that the exhibits attached to the moving party's summary judgment motion revealed genuine issues of material fact which precluded summary judgment even though they did not file a response to the motion. We agree and reverse the judgment.

### I.

The facts must be viewed most favorably to the appellants as the parties against whom summary judgment was entered. *State ex rel. Corbin v. Challenge, Inc.*, 151 Ariz. 20, 725 P.2d 727 (App.1986).

Appellant James Allyn borrowed $150,-000 from appellee United Bank. He signed a promissory note to that effect on July 10, 1985.

James Allyn's wife, Martha, did not sign the note. In fact, Martha Allyn is not named anywhere in the note and James is not identified as a married man. The note also does not specify whether the loan was for James Allyn's own benefit or for the benefit of his marital community. The note does provide that the bank may collect the debt against either James Allyn's separate property or against community property.

As security for the loan, James Allyn executed a deed of trust on real property, with the bank acting as the trustee and the beneficiary. The deed of trust indicates that it is

for the purpose of securing: (1) payment of the sum of One Hundred Fifty Thousand and no/One Hundred ($150,000.00) with interest thereon, together with costs

and attorney's fees, according to the terms of a promissory note dated <u>July 10, 1985</u> herewith made by <u>James E. Allyn, husband of Martha H. Allyn, dealing with his sole and separate property</u>. ...[1]

The bank extended the original due date on the promissory note on six occasions. Each extension was evidenced by a "Notice of Modification Agreement," which the bank recorded along with a legal description of the encumbered real estate.[2]

All six of these documents were executed by "James E. Allyn, husband of Martha H. Allyn, dealing with his sole and separate property." Four of the modification agreements also indicated that the agreement was between "James E. Allyn, husband of Martha H. Allyn, dealing with his sole and separate property," as borrower, and the other two identified the borrower simply as "James E. Allyn."

After Mr. Allyn defaulted on the promissory note, United Bank brought this action in superior court. The bank sought not only payment on the note against James, but also judgment against "the marital community of James E. Allyn and Martha H. Allyn, and each of them jointly and severally." The bank asked for payment of $145,490.59, the unpaid principal balance plus interest at the bank's prime rate plus five percent, and attorney's fees of not less than $10,000. Attached to the complaint were copies of the note, the modifications and the deed of trust. The Allyns filed a verified answer which *inter alia* denied that James acted at any time on behalf of the marital community.

United Bank immediately moved for summary judgment. The bank filed a statement of facts with its motion as required by Rule IV(f), Uniform Rules of Practice of the Superior Court. The bank also attached as exhibits to its statement of facts the same documents that it had attached to its complaint—the note, the modifications and the deed of trust.

---

1. The underlined portions of the quoted material were typewritten on blank lines on a preprinted form.

2. The bank asserted at oral argument that other documents not part of the record also evidenced the extension agreement.

The superior court entered an order establishing a briefing schedule and fixing a date for oral argument on the motion. The court's order warned that the motion would be decided "summarily in accordance with Uniform Rule IV(b)" if the parties did not adhere to the established briefing schedule.

Apparently due to a filing error in the office of appellants' former counsel, the court's order was misplaced and no response to the motion for summary judgment was ever filed on behalf of Mr. and Mrs. Allyn.

The superior court then issued a minute entry order which stated in its entirety as follows:

No response having been filed pursuant to the minute entry order of 3/10/88, the rule, or at all, and a review of the record to date showing no genuinely contested issue of material fact or law, ORDERED:

1. Granting plaintiff's Motion for Summary Judgment on the Complaint and Counterclaim, and

2. Vacating oral argument set 4/13/88.

United Bank thereafter filed a request for attorney's fees, to which the Allyns objected on the ground that the amount requested was excessive. The superior court awarded the requested fee and signed the form of judgment proposed by the bank.

The judgment entered in favor of the bank was against the marital community for the balance due on the debt, plus interest at the bank's prime rate plus five percent, and attorney's fees of more than $14,-000. The superior court's judgment also included judgment against the Allyns' counterclaim, a decision which the Allyns do not challenge here.

The Allyns filed a motion for new trial. They argued that the summary judgment was not justified by the evidence and was contrary to law. The court denied the motion.

Mr. and Mrs. Allyn appeal from the judgment and the order denying the new trial motion.

## II.

The Allyns contend on appeal that summary judgment was improper because the record in the superior court contained evidence creating genuine issues of material fact. In particular, they argue that two issues required a trial and thus precluded summary judgment.

The first issue was created by the text of the note, which sets forth a default interest rate of only the prime rate plus four percent, whereas the bank claimed (and was awarded in the judgment) interest of prime plus five percent.

The second issue was created by the rest of the documents accompanying the motion. All of the documents except the original note clearly specified that James Allyn was acting on behalf of his sole and separate property, whereas the bank sought and received judgment against Mrs. Allyn and the marital community.

The bank does not dispute that there are genuine issues of material fact concerning the amount of interest and the bank's claim for judgment against Mrs. Allyn and the marital community. Instead, the bank argues that the Allyns are barred from raising these issues on appeal because they failed to respond to the bank's motion for summary judgment and failed to object to the form of the judgment.

The bank argues that the Allyns were required to respond to the motion. The bank contends that the superior court judge was not obligated to search the record to determine whether the moving party is entitled to summary judgment. According to the bank, the party adverse to summary judgment therefore must either produce controverting evidence or at least point to evidentiary items otherwise in the record which reveal a genuine dispute of fact. In short, the bank contends that the summary judgment was correctly entered regardless of its merits and merely because the Allyns failed to file a memorandum responding to the motion.

### A.

Summary judgment is appropriate when the record shows that there is no real dis-

pute as to any material facts and the moving party is entitled to judgment as a matter of law. Rule 56(c), Arizona Rules of Civil Procedure; *Nicoletti v. Westcor, Inc.,* 131 Ariz. 140, 142, 639 P.2d 330, 332 (1982); *State ex rel. Corbin v. Sabel,* 138 Ariz. 253, 255, 674 P.2d 316, 318 (App.1983). The party seeking judgment bears the burden of satisfying this standard and demonstrating both the absence of any factual conflict and his or her right to judgment. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Appellate courts review summary judgments on the basis of the record made in the trial court, but their determination of whether the entry of judgment was proper is essentially *de novo:* appellate courts apply the same standard as that used by the trial court in ruling on the summary judgment motion in the first instance. *See Nicoletti v. Westcor, supra.*

■ Any evidence or reasonable inference contrary to the material facts—i.e., the facts which the moving party needs to show his entitlement to judgment—will preclude summary judgment. Mere speculation or insubstantial doubt as to the facts will not suffice, but where the evidence or inferences would permit a jury to resolve a material issue in favor of either party, summary judgment is improper. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Although Arizona case law is divided on whether a reasonable inference is needed to avoid summary judgment or mere "slightest doubt" will suffice,[3] we believe that our Supreme Court would resolve the conflict in favor of consistency with recent pronouncements of the United States Supreme Court adopting the reasonable inference standard. *See Burrington v. Gila County,* 159 Ariz. 320, 767 P.2d 43 (App. 1989) (citing *Matsushita, supra; Anderson, supra;* and *Celotex, supra,* federal decisions interpreting Rule 56, Federal Rules of Civil Procedure). *Cf. Edwards v. Young,* 107 Ariz. 283, 486 P.2d 181 (1971) (federal decisions interpreting the federal rules are entitled to "great weight" in interpreting the analogous Arizona Rules of Civil Procedure).

■ The requirement of a reasonable inference derives from Rule 56 itself, which allows summary judgment unless there is a "genuine" issue of fact. A "genuine" issue is one which requires a trial, i.e., one which a reasonable trier of fact could decide in favor of the party adverse to summary judgment on the available evidentiary record. *Matsushita,* 106 S.Ct. at 1356. By definition, a reasonable trier of fact would accept only a reasonable inference. A reasonable inference requirement thereby avoids unnecessary trials, which is the essential purpose of Rule 56. M. Louis, *Federal Summary Judgment Doctrine: A Critical Analysis,* 83 Yale L.J. 745, 762 (1974); C. Clark, *Special Problems in Drafting and Interpreting Procedural Codes and Rules,* 3 Vand.L.Rev. 493, 504 (1950).

In addition, the reasonable inference test is consistent with Arizona law on directed verdicts. *See, e.g., Johnson v. Board of Education,* 101 Ariz. 268, 419 P.2d 52 (1966); *Heth v. Del Webb's Highway Inn,* 102 Ariz. 330, 429 P.2d 442 (1967) (setting forth directed verdict standard). Directed verdicts and summary judgments serve the same function, and therefore the standard should be the same for both procedures. *Anderson, supra.*

---

**3.** *Compare Washington Nat. Trust Co. v. W.M. Dary Co.,* 116 Ariz. 171, 568 P.2d 1069 (1977) and *Cecil Lawter Real Estate School v. Town & Country Shopping Center Co.,* 143 Ariz. 527, 694 P.2d 815 (App.1985) (reasonable inference test) *with Grain Dealers Mut. Ins. Co. v. James,* 118 Ariz. 116, 575 P.2d 315 (1978); *Sellers v. Allstate Ins. Co.,* 113 Ariz. 419, 555 P.2d 1113 (1976) (slightest doubt or any inference test). *See also*

*Wisener v. State,* 123 Ariz. 148, 598 P.2d 511 (1979); *Matter of Estate of Kerr,* 137 Ariz. 25, 667 P.2d 1351 (App.1983) (restating both reasonable inference and any inference tests). *See generally* J. Bouma and K. Parker, *Summary Judgment in Arizona: A Call For A New Standard,* 26 Ariz. Attorney 24 (March 1990) (noting conflict among Arizona decisions and citing cases).

## B.

■ The disposition of this case turns on this question: Must the party adverse to summary judgment point to conflicting evidence or inferences even when the existence of a genuine issue of fact is apparent from the moving party's papers? The bank contends that the Allyns were obligated to do so because the trial judge was not bound to search the record for something which might preclude summary judgment.

Some decisions do suggest that the trial court must consider the entire record before ruling on a summary judgment motion. *E.g., Chanay v. Chittenden,* 115 Ariz. 32, 37, 563 P.2d 287, 292 (1977). Other decisions state that a trial court need consider only those parts of the record brought to its attention by the parties. *E.g., Gilbert v. Board of Medical Examiners,* 155 Ariz. 169, 176, 745 P.2d 617, 624 (App.1987); *Sabel,* 138 Ariz. at 256, 674 P.2d at 319. This latter view asserts that it is counsel's responsibility to find the evidence or inferences which support or defeat summary judgment. *E.g., Mast v. Standard Oil Co.,* 140 Ariz. 1, 2, 680 P.2d 137, 138 (1985).

The precise extent of the trial court's obligation to review the record is not controlling here, however. This case does not involve evidentiary matters which were never placed before the judge. The evidence which the Allyns contend precluded judgment for the bank was submitted to the trial judge. The bank submitted the evidence as part of its motion. The trial court was required to review those parts of the record brought to its attention by the parties. *Sabel,* 138 Ariz. at 256, 674 P.2d at 319. The bank brought this evidence to the court's attention, and the court had to consider it in deciding the motion.

Moreover, the superior court judge stated in her order granting summary judgment that she had reviewed the record in this case. If the record presented to the judge revealed a genuine dispute of fact, then summary judgment could not be entered. It did not matter which party placed the evidence on the record.

## C.

■ Appellants' failure to file a response did not lead inexorably to the entry of judgment against them. Summary judgment is improper whenever the record reflects a conflict of the evidence or reasonable inferences relating to a material issue. Rule 56(c) allows summary judgment only "*if* the pleadings, deposition, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Emphasis added). This is so even if the record is confined to evidence presented by the moving party.

A movant who, like the bank in this case, will bear the burden of proving its claim at trial thus bears the burden on a motion for summary judgment of producing uncontroverted prima facie evidence in support of its motion. *See, e.g., Elerick v. Rocklin,* 102 Ariz. 78, 425 P.2d 103 (1967) (reversing summary judgment for plaintiff). The opposing party must respond with "specific facts showing that there is a genuine issue for trial" only if the motion "is made and supported as provided in this rule": i.e., if the motion offers evidence demonstrating the movant's entitlement to summary judgment. Rule 56(e).

Conversely, when the motion fails to show an entitlement to judgment, the adverse party need not respond to the motion with controverting evidence. *Chanay v. Chittenden,* 115 Ariz. 32, 563 P.2d 287 (1977). This proposition is reflected in the rule itself, which states: "If the adverse party does not so respond [with evidence showing specific facts], summary judgment, *if appropriate,* shall be entered against the adverse party." (Emphasis added).

The Arizona Supreme Court has observed that the non-moving party's failure to file controverting affidavits "does not in and of itself make the granting of summary judgment 'appropriate.'" *Northern Contracting Co. v. Allis Chalmers Corp.,* 117 Ariz. 374, 377, 573 P.2d 65, 68 (1977).

This court has also stated: "The failure to submit sworn affidavits in response to a motion for summary judgment does not automatically entitle the movant to judgment." *Sabel*, 138 Ariz. at 256, 674 P.2d at 319.

The Allyns are therefore not subject to summary judgment merely because they did not file a response. The burden of persuading the trial court that summary judgment was warranted fell to the bank as the party seeking judgment. If the bank's motion failed to make a prima facie case—either by omitting evidence of essential elements of its claim or by providing evidence which supported conflicting inferences on a material issue—then there was no basis for awarding summary judgment. Whether or not the Allyns filed a written response to the motion was not decisive.[4]

■ The Allyns also did not waive any issues for appeal by failing to respond to the summary judgment motion. The Allyns filed a motion for new trial in the superior court after the judgment was entered, and United Bank responded to this motion. The motion for new trial argued that the summary judgment was not justified by the bank's evidence.

United Bank does not dispute on appeal that the motion for new trial was an appropriate method of challenging the entry of summary judgment. Such a motion may be directed against a summary judgment. *Maganas v. Northroup*, 112 Ariz. 46, 537 P.2d 595 (1975). The Allyns' motion gave the superior court an opportunity to correct any error and adequately preserved as an issue for appeal the sufficiency of the bank's evidence to justify summary judgment.

■ The bank does contend that the Allyns waived this issue for appeal by not objecting to the form of the proposed judgment. *See* Rule 58(d). However, the Allyns' arguments here are directed to the substance of the judgment, not to its form. The language of Rule 58(d) itself contemplates its use as a means to object to the form of judgment only, not its substance. The appellants' Rule 59 motion was enough to preserve the error. Objections to the form of judgment were not necessary.

### III.

We now apply the principles of summary judgment practice to the facts at hand. The trial court was obligated to—and did—review the motion and accompanying evidence presented by the bank. The evidence included the note, the deed of trust, and the six notices of modification.

Rule 56 requires that the court decide whether the bank had demonstrated its entitlement to judgment based on the absence of any issues of material fact requiring a trial. Although the trial judge conducted this review, she incorrectly concluded that the bank's motion met the Rule 56 standard and justified a summary judgment in its favor.

■ The bank did not establish its uncontroverted right to an interest rate of prime rate plus five percent, the amount it sought and received in the judgment. The promissory note constitutes the only evidence concerning the default interest rate. The note states unequivocally that the interest rate will be the bank's prime rate plus *four* percent. The evidence failed to support this part of the judgment.

■ The bank also failed to show its entitlement to a summary judgment against Mrs. Allyn and the marital community. All of the documents submitted with

---

4. Although the bank's brief on appeal cites Rule IV(b), Uniform Rules of Practice of the Superior Court, the superior court did not rely on this rule in awarding summary judgment. The rule provides in relevant part: "[I]f the opposing party [to a motion] does not serve and file the required answering memorandum ... such non-compliance may be deemed a consent to the denial or granting of the motion, and the court may dispose of the motion summarily". The superior court judge here chose not to invoke this rule to avoid a decision on the merits. She instead merely vacated oral argument and proceeded to review the record and decide the merits of the motion despite the lack of a response. We therefore do not decide whether Rule IV(b) may be applied under these circumstances, or how that rule should be interpreted in light of Rule 56 and Rule 41(b) of the Arizona Rules of Civil Procedure.

the motion, with the sole exception of the original note, expressly stated that Mr. Allyn was acting on behalf of his sole and separate property. The original note was silent on this point, failing to specify the capacity in which James Allyn acted when he signed the note.

We note that A.R.S. § 25–214 creates a statutory presumption in favor of community obligation when either spouse incurs a debt during marriage for the benefit of the marital community. *Johnson v. Johnson,* 131 Ariz. 38, 638 P.2d 705 (1981). The party who contends otherwise may overcome the presumption with clear and convincing evidence that the debt is the separate obligation of one spouse. *Hofman v. Meisner,* 17 Ariz.App. 263, 497 P.2d 83 (1972).

There is enough evidence here to rebut the presumption for the purpose of preventing entry of summary judgment. The deed of trust stated that James Allyn's execution of the promissory note was on behalf of his sole and separate property. The deed of trust was executed on the same day as the note, and expressly stated its purpose of securing the note. Under Arizona law, substantially contemporaneous instruments are to be read together in determining the nature of the transaction. *See Phoenix Title & Trust Co. v. Stewart,* 337 F.2d 978 (9th Cir.), *cert. denied,* 380 U.S. 979, 85 S.Ct. 1335, 14 L.Ed.2d 273 (1964). At the very least, a jury could reasonably infer that James Allyn did not incur this debt for the benefit of the community, and that instead he was the sole borrower, precluding any liability on the part of his wife or their marital community. The summary judgment against Martha Allyn on the note and the award of attorney's fees against her is therefore improper and must be reversed.

Although the Allyns ask that the entire judgment be reversed, they point to no errors in the entry of summary judgment against James Allyn except the rate of interest.

We therefore reverse that part of the summary judgment in favor of United Bank against James Allyn which awards interest and affirm the remainder of the summary judgment against him. On remand, we direct the superior court to correct the judgment to reflect the agreed interest rate of the prime rate plus four percent. We also reverse the summary judgment and award of attorney's fees against Martha Allyn and the marital community, and remand this matter for further proceedings to determine whether Martha Allyn and the marital community may be liable on the obligation on the note signed by James Allyn.

We hereby grant the Allyns' request for attorney's fees on appeal pursuant to A.R.S. § 12–341.01, and direct that Martha Allyn's recovery of attorney's fees for proceedings in the superior court abide the outcome of the claim against her. The Allyns may file a request for their fees incurred on appeal in accordance with Rule 21(c), Arizona Rules of Civil Appellate Procedure.

JACOBSON, P.J., and GRANT, C.J., concur.