NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

TODD ERIC BOROWSKY,
*Plaintiff/Appellant*,

*v.*

ALEXIS BROOKS, et al.,
*Defendants/Appellees*.

No. 1 CA-CV 20-0535
FILED 12-7-2021

Appeal from the Superior Court in Maricopa County
No.  CV2018-015307
The Honorable Daniel G. Martin, Judge

**AFFIRMED**

COUNSEL

Wilenchik & Bartness, P.C., Phoenix
By Dennis I. Wilenchik, K. McKay Worthington
*Counsel for Plaintiff/Appellant*

Simbro & Stanley, PLC., Scottsdale
By Edwin B. Stanley
*Counsel for Defendant/Appellee David Hurowitz*

Lang & Klain, P.C., Scottsdale
By William G. Klain, Michelle Hibbert Swann, Brian J. Pouderoyen
*Counsel for Defendant/Appellee Alexis J. Brooks*

---

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Maurice Portley[1] and Judge David B. Gass joined.

---

**T H U M M A,** Judge:

**¶1**　　　　Plaintiff Todd Eric Borowsky appeals from the entry of partial final judgments for defendants Alexis Brooks and David Hurowitz. Borowsky claims the superior court erred in granting dispositive motions on all counts he made against Hurowitz and Ms. Brooks. Because Borowsky has shown no error, the judgments are affirmed.

## FACTS AND PROCEDURAL HISTORY

### A.　　The Loans.

**¶2**　　　　This case involves two loans, totaling $140,000, between Borowsky and Mark Brooks (Brooks), who is a defendant but not involved in this appeal. In a May 2016 loan, Borowsky received $100,000, posting as security a 2005 Lamborghini Gallardo and a bulletproof 2007 GMC Denali. In an August 2016 loan, Borowsky received $40,000, posting as security a collectible 1971 Chevelle convertible. Both loans were evidenced by a single page form Installment Loan Security Agreement, with an integration clause. The loans charged 48 and 36 percent annual rates of interest and were signed by "Mark H. Brooks hereby known as Lender and Todd Borowsky known as the borrower."[2]

---

[1] The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

[2] Although not at issue here, Borowsky's operative pleading (a second amended complaint) also lists a third loan, for $50,000, with a 48 percent annual interest rate that was secured by a liquor license.

**¶3**       In February 2018, after a dispute arose about Borowsky repaying the loans, Brooks apparently took possession of the collateral and demanded payment. Ten months later, Borowsky filed this case, alleging various claims against Brooks, Hurowitz, Ms. Brooks and others.

### B.       Borowsky's Claims Against Hurowitz.

**¶4**       Borowsky alleges Hurowitz was a partner with Brooks in the loans and that Hurowitz funded at least a portion of the loans. Borowsky attempts to support this allegation with a 2015 Facebook message, posted about a year before the first loan, and Hurowitz' alleged statement, "anytime," when Borowsky thanked him for either the first loan or both loans.

**¶5**       As to Hurowitz, Borowsky originally alleged: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) aiding and abetting tortious conduct; (4) civil conspiracy; and (5) Arizona Revised Statutes (A.R.S.) Title 13, Chapter 23 (2021).[3] Hurowitz answered and moved for judgment on the pleadings. In August 2019, the court granted the motion on the non-contract counts, noting Borowsky "does not allege an underlying tort that would support either the claim for aiding and abetting tortious conduct or the claim for civil conspiracy" and that he failed to properly allege an A.R.S. Title 13, Chapter 23 claim. The court denied the motion as to the contract and good faith claims, however, noting resolution would "await the development of a more complete evidentiary record."

**¶6**       Borowsky then amended his complaint, adding counts that Hurowitz breached A.R.S. § 44-291 (Motor Vehicle Time Sales Disclosure Act) and Title 47, Chapter 9 (Secured Transactions portion of the Uniform Commercial Code). In January 2020, Hurowitz moved for summary judgment on all remaining counts against him, arguing Borowsky produced no evidence that Hurowitz was a party to any agreement. After full briefing and oral argument, in May 2020, the court granted Hurowitz' motion for summary judgment. In July 2020, the court entered partial final judgment, *see* Ariz. R. Civ. P. 54(b), in favor of Hurowitz on all of Borowsky's claims against Hurowitz, and awarded Hurowitz more than $57,500 in attorneys' fees and costs.

---

[3] Absent material revisions after the relevant dates, statutes and rules cited refer to the current versions unless otherwise indicated.

### C.    Borowsky's Claims Against Ms. Brooks.

¶7    Borowsky alleges Ms. Brooks is Brooks' daughter and that she was complicit in or facilitated alleged improprieties by her father. Borowsky asserted two counts against Ms. Brooks: (1) aiding and abetting/facilitation under A.R.S. § 13-1004 and (2) A.R.S. Title 13, Chapter 23. In December 2019, Ms. Brooks moved for summary judgment, arguing no evidence supported Borowsky's claims against her. In response, Borowsky conceded that a July 2019 ruling on his claims against Brooks indirectly found his claims against Ms. Brooks "are no longer viable." Although Borowsky referenced Rule 56(d) (allowing for additional discovery when needed to respond to a motion for summary judgment), he did not invoke the rule, adding "that seems pointless and a waste of judicial recourses." Borowsky "concede[d] that" Ms. Brooks "may be dismissed from this case based on  the  Court's prior ruling on the legality of the loans at issue," but "requests that this Court issue no ruling directing dismissal" of her "based upon lack of evidence of her wrongdoing." In May 2020, the court granted Ms. Brooks' motion for summary judgment. In July 2020, the court entered a Rule 54(b) partial final judgment for Ms. Brooks, awarding her nearly $38,000 in attorneys' fees and costs as well as $5,000 in sanctions against Borowsky.

### D.    Borowsky's Rule 59 Motion for New Trial.

¶8    Borowsky filed a timely Rule 59 motion for new trial following entry of the Rule 54(b) judgments. The motion, however, did not directly address the Rule 54(b) judgments. Instead, it sought to challenge a July 2019 ruling dismissing, for failure to state a claim, Borowsky's claim against Brooks under A.R.S. § 44-291, the Motor Vehicle Time Sales Disclosure Act. In that July 2019 ruling, the court found (1) the Act provided for no private cause of action; (2) Borowsky's claim was time-barred; and (3) the Act did not apply to the loans. After more briefing, the court denied the motion for new trial. Borowsky filed timely notices of appeal challenging the denial of his motion for new trial and the Rule 54(b) judgments.

## DISCUSSION

### I.     Borowsky Has Shown No Abuse of Discretion in the Denial of His Motion for New Trial.

**¶9**       Borowsky's Rule 59 motion for new trial sought to challenge the July 2019 ruling dismissing, for failure to state a claim, his claim against Brooks under A.R.S. § 44-291, the Motor Vehicle Time Sales Disclosure Act. When Borowsky's opening brief on appeal sought to challenge that July 2019 ruling, Brooks moved to dismiss for lack of appellate jurisdiction. Borowsky agreed, moving to dismiss those issues from the appeal. This court granted the motions and Borowsky filed a new opening brief removing arguments on those issues. Thus, this court lacks appellate jurisdiction over the July 2019 ruling, the primary focus of Borowsky's Rule 59 motion for new trial.

**¶10**       A superior court has significant discretion in deciding a motion for new trial. *See, e.g.*, *City of Glendale v. Bradshaw*, 114 Ariz. 236, 238 (1977) (citing cases). This court will not reverse a ruling on a motion for new trial "absent a clear abuse of discretion." *Delbridge v. Salt River Project Agric. Improvement & Power Dist.*, 182 Ariz. 46, 53 (App. 1994). Borowsky has shown no such abuse of discretion here. Indeed, Borowsky's revised brief on appeal does not address the denial of his Rule 59 motion for new trial. On the record presented, Borowsky has shown no abuse of discretion in the denial of his Rule 59 motion for new trial.

**¶11**       For somewhat related reasons, Ms. Brooks suggests in her answering brief that the Rule 59 motion for new trial did not extend the time Borowsky had to appeal, meaning this court lacks appellate jurisdiction and should dismiss this appeal. Although the focus of the Rule 59 motion and this court's prior orders limit the scope of the appeal, they do not mean this court lacks appellate jurisdiction. For these reasons, this court will not dismiss this appeal.

### II.     Borowsky Has Not Shown the Superior Court Erred in Granting Summary Judgment in Hurowitz' Favor.

**¶12**       Borowsky alleged the following counts against Hurowitz: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) aiding and abetting tortious conduct; (4) civil conspiracy; (5) A.R.S. Title 13, Chapter 23; (6) A.R.S. § 44-291 (Motor Vehicle Time Sales Disclosure Act); and (7) Title 47, Chapter 9 (Secured Transactions). The superior court found all these claims failed, either on the pleadings or a motion for summary judgment. On appeal, Borowsky limits his argument to asserting

there "were disputed issues of material fact, not law. Specifically, whether Hurowitz was a party to the agreement to loan Borowsky money is a disputed material fact."

¶13 Borowsky's argument implicates his breach of contract and good faith claims. It does not, however, address the grant of the motion for judgment on the pleadings rejecting Borowsky's claims for aiding and abetting tortious conduct, civil conspiracy and A.R.S. Title 13, Chapter 23. Although mentioning the grant of Hurowitz' motion for judgment on the pleadings on those counts, Borowsky does not challenge that ruling. Thus, any such challenge is abandoned and waived. *See, e.g.*, *MacMillan v. Schwartz*, 226 Ariz. 584, 591 ¶ 33 (App. 2011). Similarly, although Borowsky states in a footnote that he "added" the claim under A.R.S. § 44-291 (Motor Vehicle Time Sales Disclosure Act) and Title 47, Chapter 9 (Secured Transactions) against Hurowitz in the second amended complaint, Borowsky does not challenge the summary judgment ruling rejecting those claims. Thus, any such challenge is abandoned and waived. *See MT Builders L.L.C. v. Fisher Roofing Inc.*, 219 Ariz. 297, 304 ¶ 19 n.7 (App. 2008) (finding argument presented on appeal in a one-sentence footnote, without substantive analysis, was waived).

¶14 Turning to the breach of contract and good faith counts, Borowsky challenges the superior court's conclusion that there were no disputed issues of material fact precluding summary judgment for Hurowitz. Borowsky concedes that Hurowitz is not listed on the loan agreements. Indeed, Hurowitz did not sign the loan agreements and is not mentioned in the loan agreements. Borowsky also admits he knew, at the time of signing, the loan agreements were with Brooks.

¶15 Summary judgment is proper when the moving party "shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). The court "view[s] the evidence and reasonable inferences in the light most favorable to the party opposing the motion," *Andrews v. Blake*, 205 Ariz. 236, 240 ¶ 12 (2003), to determine "whether any genuine issues of material fact exist," *Brookover v. Roberts Enters., Inc.*, 215 Ariz. 52, 55 ¶ 8 (App. 2007). A party opposing a properly supported motion for summary judgment cannot rest on the pleadings, but "must . . . set forth specific facts showing a genuine issue for trial." Ariz. R. Civ. P. 56(e). Entry of summary judgment is proper, even if the opposing party has raised a "scintilla" of evidence or a slight doubt, if no reasonable juror could find for the nonmoving party at trial and the court would have to enter a directed verdict. *Orme School v. Reeves*, 166

Ariz. 301 (1990). A ruling granting summary judgment is reviewed de novo. *Greenwood v. State*, 217 Ariz. 438, 442 ¶ 13 (App. 2008).

**¶16** After Hurowitz filed a properly supported motion for summary judgment, including a separate statement of uncontested material facts, Borowsky needed to file an opposing statement listing "the numbered paragraphs in the moving party's statement that are disputed" and "those facts that establish a genuine dispute." *See* Ariz. R. Civ. P. 56(c)(3)(B)(i) & (ii). Borowsky failed to do so. Although he purported to file his own statement of facts, Borowsky failed to dispute Hurowitz' separate statement of facts. Hurowitz timely raised this objection with the superior court, adding that Borowsky's separate statement "is largely a recitation of unsupported allegations." Having failed to properly oppose the motion, Borowsky cannot now challenge the court's summary judgment ruling against him. *See* Ariz. R. Civ. P. 56(e) ("If the opposing party does not [properly] respond [to a proper motion for summary judgment], summary judgment, if appropriate, shall be entered against that party.").

**¶17** Along with failing to properly dispute Hurowitz' separate statement of facts, Borowsky has shown no disputed issue of material fact precluding summary judgment. Borowsky did not sign his "Rule 80(c) Declaration" that is attached to his statement of facts. In fact, no one did. Instead, the declaration contains initials and a handwritten note "original email on file" with Borowsky's then-attorney, adding "client did not have a scanner." But no copy of that signed declaration -- either signed by Borowsky or anyone else -- was ever provided to the court. As a result, the superior court could properly reject Borowsky's declaration. *See* Ariz. R. Civ. P. 80(c) (requiring the person under penalty of perjury to sign an unsworn declaration and declare the statement is true and correct). For this reason, as well, Borowsky failed to properly oppose the motion for summary judgment.

**¶18** To the extent that Borowsky relies on pre-loan statements to claim Hurowitz was a party to the loan (including the 2015 Facebook post where Hurowitz purportedly wrote he and Brooks "are partners in the Title Loan business") such evidence is barred by the parol evidence rule. That rule "'renders inadmissible any evidence of prior or contemporaneous oral understandings and of prior written understandings, which would contradict, vary or add to a written contract which was intended as the final and complete statement or integration of the parties' agreement.'" *Pinnacle Peak Devs. v. TRW Inv. Corp.*, 129 Ariz. 385, 389 (App. 1980) (citation omitted). Here, the loan agreements are integrated, stating "[n]o exception changes or deviations to this contract will be considered unless agreed to

by both parties, placed in writing and signed by both parties. No oral Agreements shall be valid (must be in writing)!!" Accordingly, the superior court properly could determine that the parol evidence rule precluded consideration of the 2015 Facebook posting or any other pre-loan "representation of partnership" purportedly made by Hurowitz when the loan was made. *Id.*; *see also Ness v. Greater Ariz. Realty, Inc.*, 117 Ariz. 357, 362 (App. 1977) *(*stating the parol evidence rule excludes the use of extrinsic evidence "to add to, subtract from, vary or contradict the terms of a complete and unambiguous written contract.")

¶19 Arguing the superior court misapplied the parol evidence rule, Borowsky cites *Formento v. Encanto Bus. Park*, 154 Ariz. 495 (App. 1987). *Formento*, however, holds that "the parol evidence rule does not bar evidence of fraud in the inducement of a contract" even when the contract has an integration clause. 154 Ariz. at 499 (citing cases). Borowsky has not claimed fraud in the inducement but, instead, seeks to enforce the loan agreements. Thus, *Formento*'s limitation of the parol evidence rule does not apply. Similarly, and given the integration clause, Borowsky has not shown how any representations made to him "in making the loan" would be relevant to whether Hurowitz was, in fact, a party to the loan agreements.

¶20 Borowsky's citation of *Republic Ins. Co. v. Feilder*, 178 Ariz. 528, 534 (App. 1993) also is misplaced. *Feilder* considered whether an extremely intoxicated individual was "capable of forming an intent to injure" in determining insurance coverage. 178 Ariz. at 534. Because the record had conflicting evidence about that relevant "mental capacity," the court found a genuine issue of material fact. *Id.* That finding, however, is different than the objective question of whether Hurowitz was a party to the loan agreements between Borowsky and Brooks. Nor is this case akin to *United Bank of Ariz. v. Allyn*, 167 Ariz. 191, 193 (App. 1990), on which Borowsky also relies, where the motion for summary judgment "revealed on its face that summary judgment was not warranted." 167 Ariz. at 193.

¶21 Borowsky's reliance on purported statements made after he signed the loan agreements similarly fail to show a disputed genuine issue of material fact. Borowsky points to purported statements, at a post-loan celebratory meal, in which Hurowitz allegedly "acknowledged he was the source of the money for the loans and Hurowitz offered to loan [Borowsky] additional money if he needed it." Borowsky argues the statements created a genuine issue of material fact as to whether Hurowitz was a party to the loan, thereby precluding summary judgment. To the extent Borowsky relies on his statement of facts filed in response to Hurowitz' motion for summary judgment, his argument fails for the reasons set forth above.

¶22        Borowsky did sign the verification for his second amended complaint. That pleading alleges that "[s]ometime after" the loans were signed, he met with Brooks and Hurowitz and "[d]uring the meeting Hurowitz acknowledged he was the source of the money for the loans and Hurowitz offered to loan [Borowsky] additional money if he needed it." At most, these statements show how Brooks funded the loans, and that Hurowitz offered to lend additional money. They do not, however, suggest that Hurowitz was a party to the loan. They therefore did not create a genuine issue of material fact as to whether Hurowitz was a party to the loan agreements.

¶23        Nor do any of these statements purport to show a general partnership between Brooks and Hurowitz for the loans here. None of the purported evidence Borowsky relies on shows an agreement between Brooks and Hurowitz to carry on a business for profit, a community of interest or power in administration as a partnership. *See Myrland v. Myrland*, 19 Ariz. App. 498, 502-03 (1973) (fundamental requisites of a partnership were "intention, co-ownership of the business, community of interest, and community of power in administration."). The Facebook message predates the loan by nearly a year and does not attempt to establish a general partnership for all future transactions. The vague purported "anytime" statement, that post-dates the loans, does not establish the requisite assent to prove the existence or ratification of a partnership. *See United Bank*, 121 Ariz. at 440. Nor did Borowsky seek reformation of the loan agreements to add Hurowitz as a party or argue that the contracts included Hurowitz as a party.

¶24        Considering the evidence in a light most favorable to the nonmoving party, the superior court did not err in granting summary judgment for Hurowitz because Hurowitz was not a party to the loan agreement. *See Goodman v. Physical Res. Eng'g, Inc.*, 229 Ariz. 25, 30 ¶ 16 (App. 2011) (privity of contract must exist before a party may seek to enforce a contract). Borowsky failed to provide sufficient admissible evidence in response to Hurowitz' proper motion for summary judgment. Summary judgment was proper.

### III. Borowsky Has Shown No Error in Granting the Rule 54(b) Judgment in Favor of Ms. Brooks.

**¶25** In response to Ms. Brooks' motion for summary judgment, Borowsky conceded that the July 2019 ruling meant that his claims against Ms. Brooks "are no longer viable." Although noting he could seek more discovery or invoke Rule 56(d), he did not do so, adding "that seems pointless and a waste of judicial recourses." Borowsky then "concede[d] that" Ms. Brooks "may be dismissed from this case based on the Court's prior ruling on the legality of the loans at issue." Because that July 2019 ruling remains in place, and because Borowsky concedes this court lacks jurisdiction to address that ruling, this waiver remains. *Odom v. Farmers Ins. Co. of Ariz.*, 216 Ariz. 530, 535 ¶ 18 (App. 2007) (noting arguments raised for the first time on appeal may be found waived).[4]

**¶26** Although Borowsky claims on appeal that there are disputed issues of material fact precluding summary judgment for Ms. Brooks, the time to present any such disputed facts was in his response to the motion for summary judgment. Failing to do so, "by affidavits or as otherwise provided in" Rule 56 when opposing Ms. Brooks' motion, the court properly could enter summary judgment against him. Ariz. R. Civ. P. 56(e). Similarly, Borowsky's speculation that the court granted summary judgment for Ms. Brooks based on credibility determinations is unsupported by the record. Finally, Borowsky has not shown that, procedurally, he can now change his position on appeal, having conceded the point in superior court when he had the chance to dispute it. *Romero v. Sw. Ambulance*, 211 Ariz. 200, 204 ¶ 7 (App. 2005) (arguments not presented to the superior court are waived on appeal).[5] Borowsky has shown no error in the court granting summary judgment for Ms. Brooks.

---

[4] These concessions negate Borowsky's statement, in his reply brief on appeal, that *State ex rel. Corbin v. Sabel*, 138 Ariz. 253 (App. 1983) relieved him of any requirement "to submit a sworn declaration in order to avoid summary judgment" because his complaint was verified. *See also Nelson v. Rice*, 198 Ariz. 563, 567 ¶ 11 n.3 (App. 2000) (noting arguments not raised in opening brief are waived and cannot be raised for the first time in reply brief).

[5] Borowsky has been represented by at least three different law firms during this matter, with his counsel on appeal first appearing after the superior court proceedings relevant here and after Borowsky filed his notices of appeal.

## CONCLUSION

**¶27**        The judgments in favor of Hurowitz and Ms. Brooks are affirmed. Borowsky requests his attorneys' fees and costs on appeal under A.R.S. §§ 12-341.01 and 12-341. Hurowitz requests his attorneys' fees and costs on appeal under A.R.S. §§ 12-341.01 and 13-2314(A). Ms. Brooks requests her attorneys' fees and costs on appeal under A.R.S. §§ 12-349 and 13-2314(A). Borowsky's request is denied; Hurowitz' and Ms. Brooks' requests are granted, and they are awarded their reasonable attorneys' fees incurred on appeal, under A.R.S. § 13-2314(A), and their taxable costs incurred on appeal, all contingent upon their compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA

11