3 P.3d 1040

STATE COMPENSATION FUND, an agency of the State of Arizona; and Travelers Indemnity Company, Plaintiffs, Counterdefendants–Appellees, Cross–Appellants,

v.

YELLOW CAB COMPANY OF PHOENIX, an Arizona corporation; Arnett Cab Service, Inc., an Arizona corporation; Yellow Cab of Tucson dba Para Transit; Greater Phoenix Transportation Company, Inc., dba Courier Transportation, an Arizona corporation, Defendants, Counterplaintiffs–Appellants, Cross–Appellees.

No. 1 CA–CV 99–0108.

Court of Appeals of Arizona, Division 1, Department C.

Nov. 26, 1999.

Review Denied May 23, 2000.*

---

* Vice Chief Justice Jones recused himself and did not participate in the determination of this matter.

Jardine, Baker, Hickman & Houston, P.L.L.C. by Gerald T. Hickman, Phoenix, and Teilborg, Sanders & Parks, P.C. by Mark G. Worischeck, Phoenix, for Appellees.

Jennings, Strouss & Salmon, P.L.C. by John J. Egbert, Michael R. Palumbo, Phoenix, for Appellants.

## OPINION

TOCI, Judge.

¶ 1 The State Compensation Fund ("the Fund") and Travelers Indemnity Company ("Travelers") sued four corporations (collectively "Yellow Cab"), alleging that Yellow Cab taxi drivers were employees covered by workers' compensation and that Yellow Cab had failed to pay necessary insurance premiums. The trial court concluded that *Central Management Co. v. Industrial Comm'n*, 162 Ariz. 187, 781 P.2d 1374 (App.1989), which affirmed an award of workers' compensation benefits to a taxi driver, required a finding that Yellow Cab drivers were employees and not independent contractors. We reverse summary judgment for the Fund and Travelers ("the insurers"), however, because *Central Management* is not dispositive, and genuine issues of material fact exist. We also reverse the award of attorney's fees to the insurers. In the cross-appeal, we reverse the order denying the insurers' motion to amend to add a party defendant and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 From 1986 to 1993, Yellow Cab purchased workers' compensation insurance from the Fund, and in 1994, from Travelers. Yellow Cab did not, however, purchase workers' compensation insurance for taxi drivers. After this court's decision in *Central Management*, the Fund informed Yellow Cab that it must pay workers' compensation insurance premiums for drivers and include the drivers' compensation in payroll documents. It audited Yellow Cab and calculated unpaid premiums for 1990 to 1993 at over $3.3 million. Travelers sought over $1.1 million in premiums for 1994.

¶ 3 When Yellow Cab failed to pay, the insurers filed suit for breach of contract. Yellow Cab filed a counterclaim seeking a declaratory judgment that its drivers were independent contractors and that the insurers were not entitled to workers' compensation premiums.

¶ 4 The trial court granted partial summary judgment to the insurers on the issue of the drivers' status. When the insurers filed a second motion for summary judgment related to damages, Yellow Cab opposed it and sought a continuance pursuant to Arizona Rule of Civil Procedure 56(f) to conduct additional discovery. The trial court, however, denied a continuance and granted summary judgment to the insurers. It also granted summary judgment against Yellow Cab on its counterclaims. Finally, the trial court denied the insurers' motion to amend the complaint.

## II. DISCUSSION

### A. Standard of Review

¶ 5 Normally when this court reviews a grant of summary judgment, it takes the facts in the light most favorable to the nonmoving party and affirms if the evidence produced in support of the defense or claim has so little probative value that no reasonable person could find for its proponent. *See Orme Sch. v. Reeves*, 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990). We review *de novo* the trial court's application of the law and its determination whether genuine issues of material fact preclude summary judgment. *Gonzalez v. Satrustegui*, 178 Ariz. 92, 97, 870 P.2d 1188, 1193 (App.1993).

¶ 6 The insurers contend, however, that a different standard should apply here because the case concerns workers' compensation. We acknowledge that workers' compensation premiums are at issue and that when reviewing an Industrial Commission award to an injured worker, we view the administrative law judge's fact findings in favor of sustaining the award and search the record for sufficient evidence to support the findings. *See Anton v. Industrial Comm'n*, 141 Ariz. 566, 569, 688 P.2d 192, 195 (App. 1984). But, a dispute over the insurers' liability for premiums bears little, if any, relationship to whether the evidence supports an Industrial Commission award to a worker. Thus, we will apply the normal summary judgment standard and review *de novo* whether the trial court correctly applied the law, taking the facts most favorably to Yellow Cab. *See Gonzalez*, 178 Ariz. at 97, 870 P.2d at 1193.

**B. Status of Taxi Drivers as Independent Contractors or Employees**

¶ 7 The insurers' motion for summary judgment contended that the right-to-control test governs the central issue of the drivers' status and that this court "ha[d] already performed this exact analysis in a case involving a virtually identical taxi cab company." They cited *Central Management* and claimed that this court had found as a matter of law that cab drivers were employees. The trial court agreed, concluding that *Central Management* was "dispositive" and compelled a finding that the drivers were employees for purposes of the insurance premiums. The court also enumerated fourteen factual findings in support of its conclusion.

¶ 8 We disagree that *Central Management* compels a finding that Yellow Cab drivers are employees. There, this court "recognize[d] that an appellate court may make an independent determination of whether a claimant is an independent contractor as a conclusion of law based on the totality of facts and circumstances." 162 Ariz. at 189, 781 P.2d at 1376. But, that statement was in the context of an injured worker who had filed a claim for benefits; at the end of the decision, we simply found adequate evidence to support the Industrial Commission award without making an independent finding *as a matter of law* that the driver was an employee. *Id.* at 192, 781 P.2d at 1379. Therefore, *Central Management* did not establish that all taxi drivers are employees.

¶ 9 Furthermore, in *Central Management*, we found indicia of control in the employer's provision of training and performance evaluations, denial of dispatch service to a deficient driver, and assignment of the driver to cab stands and restricted work areas. 162 Ariz. at 191–92, 781 P.2d at 1378–79. Here, these indicia either do not exist or are disputed. And, although the insurers argue that Yellow Cab merely drew "semantic distinctions" without substance between its practices and those in *Central Management*, we conclude that the trial court improperly drew inferences from the facts favorable to the insurers and ignored other facts supported by affidavit or deposition testimony that distinguish Yellow Cab's policies and practices from those in *Central Management*.

¶ 10 For example, the court found that Yellow Cab "possessed the right to hire, discipline and fire drivers," yet Yellow Cab's statement of facts clearly disputed these conclusions. Moreover, unlike the cab company in *Central Management*, Yellow Cab entered Independent Contractor Agreements with drivers and in turn granted them a license to use trade names and logos. It did not control the hours or the places where the drivers worked or their manner of dress. It did not control the fares charged or require drivers to account for them; it did not sanction drivers for failing to respond to dispatch calls. It did not pay the drivers anything; instead, the drivers paid it for services such as dispatch communications and use of the trade name or vehicle lease. Yellow Cab did not prevent drivers from hiring others to drive for them or from driving for other companies.

¶ 11 Summary judgment is not intended to resolve factual disputes nor is it an occasion for weighing the evidence. *Nicoletti v. Westcor, Inc.*, 131 Ariz. 140, 142, 639 P.2d 330, 332 (1982). Rather, if more than one reasonable inference may be drawn from a material fact, summary judgment should not be granted. *United Bank v. Allyn*, 167 Ariz. 191, 195, 805 P.2d 1012, 1016 (App.1990). "Any evidence or reasonable inference contrary to the material facts—i.e., the facts which the moving party needs to show his entitlement to judgment—will preclude summary judgment." *Id.*

¶ 12 *Santiago v. Phoenix Newspapers, Inc.*, 164 Ariz. 505, 794 P.2d 138 (1990), supports our conclusion. There, our supreme court found disputed fact questions existed on whether a newspaper delivery driver was an independent contractor or a servant for whom his employer was vicariously liable. "Whether an employer-employee relation exists may not be determined as a matter of law [on summary judgment] in either side's favor, because reasonable minds may disagree on the nature of the relationship." *Id.* at 513, 794 P.2d at 146. *See also Livingston v. Citizen's Utility, Inc.*, 107 Ariz. 62, 65, 481 P.2d 855, 858 (1971) (summary

judgment reversed because unless only one reasonable inference can be drawn from the evidence, the issue is one for the jury).

¶ 13 The insurers contend that if we reverse summary judgment, they may be denied insurance premiums for years during which they were liable for payment of workers' compensation claims. After oral argument in this matter, the insurers filed a request that we take judicial notice that they had on several occasions paid workers' compensation benefits to Yellow Cab drivers. In effect, the insurers argue that because the taxi drivers' entitlement to workers' compensation benefits has already been determined, Yellow Cab should be estopped from asserting that any of its drivers are independent contractors. Even if we were inclined to take judicial notice of these facts, for the following reasons, it would not affect the outcome of this appeal.

¶ 14 The insurers' argument essentially raises the question whether prior workers' compensation proceedings have any preclusive effect in this litigation. *See Circle K v. Industrial Comm'n*, 179 Ariz. 422, 425, 880 P.2d 642, 645 (preclusion encompasses the archaic doctrines of *res judicata* and collateral estoppel). The party asserting preclusion, however, has the burden of proving that an issue was in fact litigated, determined, and that the determination was necessary. *Bayless v. Industrial Comm'n*, 880 P.2d 654, 179 Ariz. 434, 439. The insurers fail to show that they at any time raised the preclusive effect of the Yellow Cab workers' compensation payments in the trial court. On appeal, we consider only matters presented to the trial court. *See Linder v. Brown & Herrick*, 189 Ariz. 398, 409, 943 P.2d 758, 769 (App.1997) (this court considers only the evidence presented to the trial court).

¶ 15 Because a reasonable jury could find from Yellow Cab's controverting statement of facts and reasonable inferences from those facts that the drivers were not employees, we reverse summary judgment for the insurers.

## C. Remaining Issues in the Appeal

¶ 16 The insurers also sought summary judgment on their entitlement to premiums as calculated by rules promulgated by the National Council on Compensation Insurance and approved by the Arizona Department of Insurance. Yellow Cab's appeal challenges that entitlement and the trial court's denial of a Rule 56(f) motion to stay proceedings to allow additional discovery and administrative proceedings. In light of our holding that fact questions demand a trial on whether the drivers are employees and thus whether the insurers are entitled to additional premiums, we need not address either of these issues.

¶ 17 Yellow Cab asks that we reverse the trial court's grant of summary judgment to the insurers on Yellow Cab's counterclaim for a declaratory judgment on the drivers' status and for bad faith. We do so. We also grant Yellow Cab's request for reversal of the award of attorney's fees to the insurers because the latter are no longer prevailing parties.

¶ 18 Yellow Cab cites *Wagenseller v. Scottsdale Memorial Hospital*, 147 Ariz. 370, 392–94, 710 P.2d 1025, 1047–49 (1985), to support its request for attorney's fees incurred in the appeal. *Wagenseller* held that one who overturns a summary judgment on appeal may be a "successful party" for purposes of Arizona Revised Statutes Annotated ("A.R.S.") section 12–341.01 if she "achieve[d] reversal of an unfavorable interim order . . . that [was] central to the case and if the appeal process finally determine[d] an issue of law sufficiently significant that the appeal may be considered as a separate unit." *Id.* at 393–94, 710 P.2d at 1048–49. Wagenseller's appeal "established important points of law and public policy." *Id.* at 394, 710 P.2d at 1049. Although Yellow Cab gained reversal of a central adverse order, our finding that factual issues preclude summary judgment is not a final determination of a significant, separate issue.

¶ 19 Yellow Cab's reply additionally asserts A.R.S. section 12–349 as a basis for a fee award. We do not agree that the insurers' position was wholly without merit. In the exercise of our discretion, we deny the request for an award of attorney's fees on appeal.

¶ 20 The insurers request an award of attorney's fees on appeal under A.R.S. section 12–341.01. They are not at this juncture the prevailing parties and thus are not entitled to an award of fees. *See Esmark, Inc. v. McKee,* 118 Ariz. 511, 514, 578 P.2d 190, 193 (App.1978).

## D. The Cross–Appeal

¶ 21 The insurers cross-appeal from the trial court's denial of their motion for leave to amend the complaint to add Arizona Checker Leasing as a defendant under an alter ego theory. They argue that the trial court abused its discretion in finding the attempted amendment "too late." Arizona Rule of Civil Procedure 15(a) allows amendment "by leave of court or by written consent of the adverse party. Leave to amend shall be freely given when justice requires."

¶ 22 At a hearing on the motion, Yellow Cab argued that the insurers had unduly delayed and that it would be prejudiced by the amendment because two witnesses had become unavailable. The trial court concluded that the insurers had "had plenty of time to do whatever discovery you needed to do to figure something out about the entities" and that the insurers had known of Arizona Checker Leasing's existence when they filed the complaint. It found the motion "too late" and lacking "good cause."

¶ 23 Good cause is not the standard by which to evaluate such a motion. But correspondence dated August 13, 1997, reveals that the insurers did know of Arizona Checker Leasing and sought a stipulation to add it to the complaint. When no stipulation was forthcoming, the insurers failed to seek permission to amend until almost a year later.

¶ 24 Whether to allow amendment is within the trial court's discretion, yet amendment should be liberally granted unless the moving party has *unduly* delayed in making the request, the motion is in bad faith or for purposes of delay, or amendment would be futile. *MacCollum v. Perkinson,* 185 Ariz. 179, 185, 913 P.2d 1097, 1103 (App. 1996). "[T]he mere fact that the attempt to amend comes late[ ] is not justification for denial of leave to amend." *Owen v. Superior Court,* 133 Ariz. 75, 79, 649 P.2d 278, 282 (1982). The trial court should consider the degree of notice and prejudice to the opposing party, *id.,* but mere unavailability of a witness does not in itself constitute prejudice.

¶ 25 The insurers' motion to amend was certainly belated, but nothing in the record suggests that the amendment would be futile or that the request was made in bad faith or to delay proceedings. Further, the fact that counsel had sought an amendment and related discovery by stipulation, albeit unsuccessfully, is not grounds to find counsel "negligent or dilatory, thereby causing a resultant delay to be considered 'undue.'" *Id.* at 80, 649 P.2d at 283.

¶ 26 On the other hand, the insurers had raised the alter ego theory in the original complaint and acceded to Yellow Cab's request to dismiss two individual defendants with an understanding that piercing the corporate veil was still an issue subject to further discovery and possible amendment.[1] Yellow Cab later refused discovery.[2]

¶ 27 Under these circumstances, the insurers' attempt to assert the same theory of liability, but against a different party defendant, fails to constitute undue prejudice to Yellow Cab, and the latter does not claim that discovery on this issue was unexpected. Additionally, we are remanding this case for trial and presumably further discovery. Public policy favors litigating a case on the

---

1. Correspondence attached to the insurers' motion to compel shows that in early 1998, the parties discussed disclosure of alter ego evidence and that Yellow Cab urged that Mr. and Mrs. Arnett be dismissed. The insurers agreed if "dismissal [will] not be used as a pretext for preventing discovery into the corporate structure ... and other matters that may relate to piercing the corporate veil ... [and] we may reach a stipulation regarding legitimate amendments in the future." Yellow Cab agreed to these terms.

2. Correspondence in late June reveals that the insurers were pursuing the issue of the appropriate defendants and whether Arizona Checker Leasing could be responsible for the debts of its subsidiaries. Yellow Cab refused further discovery on the alter ego theory as a "fishing expedition."

merits; Yellow Cab has alleged minimal prejudice. Therefore, we reverse the denial of the motion to amend and remand with instructions to grant the motion. Upon compliance with Rule 21, Arizona Rules of Civil Appellate Procedure, cross-appellants will be awarded attorney's fees for the cross-appeal.

CONCURRING: CECIL B. PATTERSON, JR., Presiding Judge, and SUSAN A. EHRLICH, Judge.