NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

GASLIGHT INN LLC, et al., *Plaintiffs/Appellants*,

*v.*

MUTUAL OF ENUMCLAW INSURANCE COMPANY, et al.,
*Defendants/Appellees.*

No. 1 CA-CV 20-0600
FILED 8-24-2021

Appeal from the Superior Court in Maricopa County
No. CV 2018-011699
The Honorable Daniel G. Martin, Judge

**AFFIRMED**

COUNSEL

Merlin Law Group PA, Phoenix
By Michael J. Ponzo
*Co-Counsel for Plaintiffs/Appellants*

John Rollie Wightman PC, Scottsdale
By John Rollie Wightman
*Co-Counsel for Plaintiffs/Appellants*

Farhang & Medcoff PLLC, Tucson
By Ali J. Farhang, Adam T. Peterson
*Counsel for Defendants/Appellees Crest Insurance Company and The Prossers*

---

**MEMORANDUM DECISION**

---

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Samuel A. Thumma and Chief Judge Kent E. Cattani joined.

---

**C A M P B E L L**, Judge:

¶1 Gaslight Inn, LLC ("Gaslight") and Teresa Outzen (collectively, "the Plaintiffs") appeal the superior court's entry of summary judgment in favor of Jason Prosser and the Crest Insurance Group, LLC ("Crest") (collectively, "the Crest Defendants"). The Plaintiffs also challenge the court's entry of a partial final judgment at this stage of the proceedings. For the following reasons, we affirm.

**BACKGROUND**

¶2 While operating a motor vehicle, Victor Leyva lost control and collided ("the accident") into a support pillar of a commercial building ("the Property") that had three tenants—The Gaslight Inn ("the Inn"), Olde Towne Glendale Wine Bar ("OTG"), and Arizona Skin Laser. Outzen, the proprietor of the Inn and a member of Gaslight, promptly notified Gaslight's insurance carrier, Mutual of Enumclaw ("Mutual"), of the accident. After Outzen submitted a repair estimate for the damages, Mutual paid Gaslight.

¶3 Meanwhile, the Property's tenants began noticing cracks in the floors and walls of their businesses. As the cracks expanded and worsened throughout the Property, Outzen notified Prosser, who was Gaslight's insurance agent, of the additional damage. Prosser then notified Mutual.

¶4 At that point, Mutual opened a second claim and hired contractors to investigate the cause of the additional damage to the Property. While the investigation was underway, Mutual paid for some repairs under a reservation of rights. But the City of Glendale ("City") eventually condemned the Property, requiring all occupants to vacate the premises. Approximately seven months after Gaslight submitted its second claim, Mutual denied it, asserting the additional property damage was unrelated to the accident and caused by the City's irrigation system.

¶5 The Plaintiffs filed a complaint against Mutual, Prosser, Crest (Prosser's employer), Leyva, and Macrina Mota Artaga (the owner of the car involved in the accident). Along with contract and bad faith claims against Mutual and negligence claims against Leyva and Artaga, the Plaintiffs alleged that the Crest Defendants negligently failed to obtain appropriate insurance coverage and inform Outzen that her omission from the Gaslight policy as a named insured could prevent her from recovering any personal losses.

¶6 After the close of discovery, the Crest Defendants moved for summary judgment, arguing that, as commercial insurance brokers, they "d[id] not owe Outzen, a non-client, a duty of care," and therefore "had no obligation with respect to her personal insurance needs or advising her on the lack of personal coverage by a commercial policy." The Crest Defendants also asserted that summary judgment should be entered in their favor because Gaslight failed to demonstrate that its damages exceeded the policy's coverage limit. Mutual, in turn, separately moved for summary judgment, asserting that "earth movement," not the accident, caused the Property's structural damage. Like the Crest Defendants, Mutual also argued that Outzen's claims should be dismissed because she was not a party to the insurance contract.

¶7 After considering briefing and oral argument, the superior court found that: (1) disputed issues of material fact precluded entry of summary judgment on Gaslight's claims against Mutual for breach of contract and bad faith; (2) Outzen, as a non-party to the insurance policy, lacked standing to bring any claims against Mutual; (3) the Crest Defendants owed no duty to Outzen, a non-client; and (4) "no credible evidence" substantiated Gaslight's claim that the Property's damages exceeded the insurance coverage secured by the Crest Defendants. Accordingly, the court granted summary judgment in favor of Mutual on Outzen's claims against Mutual and in favor of the Crest Defendants on the Plaintiffs' claims against the Crest Defendants, denying summary judgment on Plaintiffs' remaining claims.

¶8 Having prevailed on summary judgment, the Crest Defendants requested entry of a final judgment under Arizona Rule of Civil Procedure ("Rule") 54(b), asserting the superior court had resolved all claims brought against them. Over the Plaintiffs' objection, the court

3

entered a Rule 54(b) final judgment in favor of the Crest Defendants. The Plaintiffs timely appealed.[1]

## DISCUSSION

### I.      Summary Judgment Ruling on Duty

**¶9**            The Plaintiffs challenge the superior court's summary judgment finding that the Crest Defendants owed no duty to Outzen. They contend that Outzen was the Crest Defendants' client and, given her insurable interest in the Property, should have been a named insured under Gaslight's policy.[2]

**¶10**            "The court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). In reviewing a grant of summary judgment, we view the facts and the reasonable inferences from those facts in the light most favorable to the non-moving party and will affirm "if the evidence produced in support of the defense or claim has so little probative value that no reasonable person could find for its proponent." *State Compensation Fund v. Yellow Cab Co. of Phoenix*, 197 Ariz. 120, 122, ¶ 5 (App. 1999). "We review de novo the [superior] court's application of the law and its determination whether

---

[1]      After the parties completed their appellate briefing, Mutual notified the superior court that it ("the sole remaining Defendant") had reached a settlement agreement with Gaslight ("the sole remaining Plaintiff"). In any event, the claims involving Mutual are not part of this appeal.

[2]      On appeal, the Plaintiffs assert, for the first time, that Outzen has a cognizable claim for emotional distress against the Crest Defendants, and therefore the superior court's summary judgment ruling on damages "is also incorrect." We do not "consider new factual theories raised for the first time on appeal from summary judgment" and examine only whether the Plaintiffs' claim against the Crest Defendants "w[as] supported under the law of negligence, the only theory advanced in the complaint or motion papers." *Napier v. Bertram*, 191 Ariz. 238, 239, ¶ 6 (1998). In their reply brief, the Plaintiffs have withdrawn their alternative claim that the Crest Defendants owed Outzen a duty as a foreseeable party, which is barred by controlling Arizona case law. *See Gipson v. Kasey*, 214 Ariz. 141, 144, ¶ 15 (2007) ("To clarify, we now expressly hold that foreseeability is not a factor to be considered by courts when making determinations of duty, and we reject any contrary suggestion in prior opinions.").

genuine issues of material fact preclude summary judgment." *Id.* We will affirm the court's "decision if it is correct for any reason, even if that reason was not considered by the [] court." *Glaze v. Marcus*, 151 Ariz. 538, 540 (App. 1986).

**¶11** "To establish a claim for negligence, a plaintiff must prove four elements: (1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages." *Gipson*, 214 Ariz. at 143, ¶ 9. While breach, causation, and damages "are factual issues usually decided by [a] jury," the "first element, whether a duty exists," is a question of law that we review de novo. *Id.*; *see also Guerra v. State*, 237 Ariz. 183, 185, ¶ 7 (2015).

**¶12** "Whether the defendant owes the plaintiff a duty of care is a threshold issue; absent some duty, an action for negligence cannot be maintained." *Gipson*, 214 Ariz. at 143, ¶ 11. A duty is "an 'obligation, recognized by law, which requires the defendant to conform to a particular standard of conduct in order to protect others against unreasonable risks of harm.'" *Id.* at ¶ 10 (citation omitted). "The existence of a duty of care is a distinct issue from whether the standard of care has been met in a particular case." *Id.*

**¶13** "Duties of care may arise from special relationships based on contract, family relations, or conduct undertaken by the defendant," as well as from public policy considerations. *Id.* at 145, ¶¶ 18, 23. "Foreseeability of harm is not a relevant consideration in determining the threshold legal issue of whether a duty exists, nor are case-specific facts." *Guerra*, 237 Ariz. at 185, ¶ 8; *see also Quiroz v. ALCOA Inc.*, 243 Ariz. 560, 563, ¶ 2 (2018); *Gipson*, 214 Ariz. at 144, ¶ 15.

**¶14** An insurance agent owes a duty of care to the agent's client. *Napier*, 191 Ariz. at 242, ¶ 14. In *Napier*, the supreme court considered whether this duty of care may extend to non-client third parties. *Id.* at ¶ 15. Recognizing that a client may choose "the existence, level, and scope" of coverage, the supreme court reasoned that a client's "choice of what risks ought to be insured against should not expand the agent's liability for negligence." *Id.* at 243, ¶ 18. The supreme court later clarified that an agent's duty of care "do[es] not extend beyond the client," even when a third party may benefit from the insurance agent's proper discharge of his duties. *Webb v. Gittlen*, 217 Ariz. 363, 368, ¶ 29 (2008).

¶15　　　　Applying these legal principles, the dispositive issue is whether Outzen established a client relationship with the Crest Defendants, thereby imposing a duty of care upon them. Although the Plaintiffs contend that factual issues concerning the nature of the parties' relationship precluded entry of summary judgment, the relevant facts are not disputed.

¶16　　　　Outzen and her father, together, own the Property. While they are also the only members of the limited liability corporation Gaslight, Gaslight, itself, has no ownership interest in the Property.[3]

¶17　　　　Apart from the Property, Outzen owns several residential properties and another commercial property, the Desert Rose Restaurant ("Desert Rose"). In response to a solicitation from Prosser, offering to secure commercial insurance for Desert Rose, Outzen requested insurance quotes for "Gaslight & OTG," stating she was "look[ing] to improve the costs." [4]

¶18　　　　In the months that followed, Prosser, Outzen, and Outzen's boyfriend, Peter Gliniak, exchanged numerous emails. Throughout their correspondence, Outzen, Prosser, and Gliniak referred to the insured as "Gaslight and OTG" or "Gas Light Inn LLC and Old Towne Glendale Wine Bar," without discussing insurance for any other entity or person (other than Desert Rose). At Prosser's request, Outzen provided him with Gaslight's previous insurance policies. With those policies in hand, Prosser informed Outzen that he would secure substantially the same coverage for Gaslight under the new policy (providing "apples to apples" coverage). Consistent with both the parties' email correspondence and Gaslight's previous insurance policies, Prosser presented Outzen with a commercial insurance contract for "Gaslight Inn, LLC" that listed "Gaslight Inn LLC & OTG" as the only named insured.

¶19　　　　In her deposition testimony, Outzen denied reviewing Gaslight's policy, claiming she relied entirely on Prosser to ensure that

---

[3]　　　The opening brief repeatedly refers to Outzen as the sole member of Gaslight, but the entity's articles of incorporation reflect that she and her father are both members. Similarly, the opening brief states that Outzen served "as landlord to the other businesses leasing space" within the Property, but the uncontroverted evidence reflects that a separate entity owned by Outzen and her father, 5747 LLC, leased out sections of the Property to business tenants.

[4]　　　At the time she requested the insurance quotes, Outzen and her father owned OTG, but they have since sold the business.

adequate coverage was obtained. Although she told Prosser that she lived at the Inn, it is undisputed that Outzen neither disclosed that she and her father, not Gaslight, owned the Property nor requested that Prosser obtain insurance for her personally.

¶20         At his deposition, the Plaintiffs' standard of care expert, Elliot Rothman, testified that Outzen was, in effect, Prosser's client. Explaining the basis for his opinion, Rothman stated that the interests of a commercial entity, owned by a single person, are "indistinguishable" from the interests of the owner. Despite offering this opinion, Rothman acknowledged that there are "some issues" concerning "ownership" in this case and admitted that he had not investigated those issues before opining about Outzen's client status. While acknowledging that no evidence suggests Outzen asked Prosser to evaluate her personal insurance needs, Rothman opined that Prosser's failure to recommend renter's insurance to Outzen fell below the applicable standard of care.

¶21         The Plaintiffs seemingly argue that Outzen is the Crest Defendants' client because she holds an insurable interest in the Property. Without question, Outzen, a co-owner of the Property, has a "substantial economic interest" in its safety and preservation. *See* A.R.S. § 20-1105(B). But satisfying the statutory requirements for an insurable interest does not entitle a person or entity to insurance coverage. Rather, the inverse is true; a person or entity that lacks an insurable interest cannot maintain or enforce an insurance contract. A.R.S. § 20-1105(A). In other words, contrary to the Plaintiffs' contention, A.R.S. § 20-1105 does not create an insurance agent-client relationship based on the existence of an insurable interest. Moreover, the Plaintiffs have not cited any other authority for their claim that an insurance agent owes a duty to ensure that each non-party to a contract, with an insurable interest, is a named insured under an insurance policy. *See Ferguson v. Cash, Sullivan & Cross Ins. Agency*, 171 Ariz. 381, 386 (App. 1991) (explaining "an agent owes no duty to a third party to recommend insurance").

¶22         Borrowing the framework for determining the formation of an attorney-client relationship, the Plaintiffs contend that Outzen is a client to whom the Crest Defendants owed a duty because she shared privileged information with Prosser that, by statute, he may not disclose. *See* A.R.S. § 20-2113 ("An insurance institution, insurance producer or insurance support organization shall not disclose any personal or privileged information about an individual collected or received in connection with an insurance transaction."). However, by failing to raise this argument in the superior court, the Plaintiffs waived it on appeal. *Odom v. Farmers Ins. Co.*

*of Ariz.*, 216 Ariz. 530, 535, ¶ 18 (App. 2007) ("[A]rguments raised for the first time on appeal are untimely and deemed waived.").

**¶23**     Nonetheless, even if not waived, the Plaintiffs' argument fails. The Plaintiffs rely primarily on *Samaritan Foundation v. Goodfarb*, 176 Ariz. 497, 501 (1993), in which the supreme court addressed the scope of the attorney-client privilege in the corporate context. After considering various approaches, the supreme court held that a corporate agent is *not* the "client" of corporate counsel unless the agent's disclosures to counsel concerned the agent's "own conduct" and were "made to assist the lawyer in assessing or responding to the legal consequences of that conduct for the corporate client." *Id.* at 507.

**¶24**     Here, Outzen testified at her deposition that she did not discuss her personal insurance needs with Prosser, and nothing about the nature or context of her email communications evinces a personal client relationship. Had Outzen disclosed her various business dealings and personal information to Prosser to help him determine the appropriate insurance coverage, she may well have established a client relationship with the Crest Defendants. But in the absence of such disclosures, Outzen simply acted as an intermediary conveying information about Gaslight, and the Crest Defendants' obligation to maintain the confidentiality of that information does not convert Outzen's relationship status from agent to client.[5]

**¶25**     On the record presented, Outzen failed to put forward any evidence of a personal client relationship with the Crest Defendants. Instead, the record reflects that she requested insurance quotes for

---

[5]     In their reply brief, the Plaintiffs assert, for the first time on appeal, that: (1) Outzen is the Crest Defendants' client under A.R.S. §§ 20-105 to -107; (2) the superior court erred by finding, as a matter of law, that Gaslight's claimed damages did not exceed its policy limits; and (3) the superior court erred by refusing to reform Gaslight's policy to identify Outzen as the named insured. While the Plaintiffs referenced the superior court's denial of their request to reform the policy in their opening brief, they stated it was not "at issue in this appeal" other than as a consideration for determining whether the court improperly entered a Rule 54(b) final judgment. Because the Plaintiffs failed to raise these claims in their opening brief, we do not consider them. *In re Marriage of Pownall*, 197 Ariz. 577, 583, ¶ 25 n.5 (App. 2000) (holding issues raised for the first time in a reply brief are waived).

"Gaslight & OTG," provided Prosser with Gaslight's prior policies without requesting alternative named insureds, and withheld pertinent information about her personal interest in the Property. In sum, Outzen represented that Gaslight was the client and that she was merely its agent.

**¶26** In their briefing on appeal, the Plaintiffs routinely conflate the Property, Gaslight, 5547 LLC, and the Inn with Outzen, failing to recognize that they are legally distinct entities. While the Plaintiffs contend that Prosser negligently failed to identify his client, neither they nor their insurance expert have consistently identified which entity(ies) or individual(s) own the various commercial interests at issue. As the party alleging negligence, Outzen bore the burden of establishing the existence of a client relationship and a corresponding duty, and as a matter of law, she failed to meet that burden. On this record, the superior court did not err by finding Outzen was not the Crest Defendants' client and by granting summary judgment in their favor.

## II.     Entry of Rule 54(b) Final Judgment

**¶27** The Plaintiffs contend that the superior court improperly entered a Rule 54(b) final judgment in favor of the Crest Defendants. They assert that this court will need to decide the same issues in a successive appeal "once the surviving claims against [Mutual] are subsequently resolved in the superior court."

**¶28** In an action involving multiple claims or parties, the superior court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties," but only upon an express determination that "there is no just reason for delay." Ariz. R. Civ. P. 54(b). The inclusion of Rule 54(b) language in a judgment does not, alone, "make it final and appealable; the certification also must be substantively warranted." *Sw. Gas Corp. v. Irwin*, 229 Ariz. 198, 202, ¶ 12 (App. 2012). "A claim is separable from others remaining to be adjudicated when the nature of the claim already determined is such that no appellate court would have to decide the same issues more than once even if there [a]re subsequent appeals." *Id.* (alteration in original) (internal quotations and citations omitted). We review de novo the superior court's certification of a judgment as final under Rule 54(b). *Davis v. Cessna Aircraft Corp.*, 168 Ariz. 301, 304 (App. 1991).

**¶29** Here, the superior court's summary judgment rulings wholly resolved the Plaintiffs' claim against the Crest Defendants. While there is factual overlap among the Plaintiffs' claims, their negligence claim against

the Crest Defendants is legally distinct from their breach of contract and bad faith claims against Mutual. In any event, because Mutual and Gaslight have settled all outstanding claims, the Plaintiffs' challenge to the Rule 54(b) judgment as premature is moot.

**CONCLUSION**

¶30    For the foregoing reasons, we affirm. We award the Crest Defendants their costs on appeal upon their compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA

10