NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ABC SAND AND ROCK COMPANY, INC., et al., *Plaintiffs/Appellants*,

*v.*

MARICOPA COUNTY, et al., *Defendants/Appellees*.

No. 1 CA-CV 21-0108
FILED 2-24-2022

Appeal from the Superior Court in Maricopa County
No. CV 2016-010095
The Honorable Michael W. Kemp, Judge

**AFFIRMED**

COUNSEL

Wilenchik & Bartness PC, Phoenix
By Dennis I. Wilenchik, Ross P. Meyer
*Counsel for Plaintiffs/Appellants*

Tully Bailey LLP, Phoenix
By Stephen W. Tully
*Co-Counsel for Defendants/Appellees*

Maricopa County Attorneys' Office, Phoenix
By Charles E. Trullinger, III
*Co-Counsel for Defendants/Appellees*

Timothy A. LaSota PLC, Phoenix
By Timothy A. LaSota
*Counsel for Amicus Curiae Arizona Free Enterprise Club and the Goldwater Institute*

_____

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Samuel A. Thumma and Chief Judge Kent E. Cattani joined.

_____

**C A M P B E L L**, Judge:

¶1        ABC Sand and Rock Company, Inc., and David Waltemath (collectively, ABC) appeal from a judgment entered in favor of the Flood Control District of Maricopa County (the District), Maricopa County, and three Maricopa County employees and their spouses (collectively, the Defendants) following the superior court's rulings on motions to dismiss and for summary judgment. Because ABC's claims are procedurally barred, we affirm.

**BACKGROUND**

¶2        Litigation between these parties is both lengthy and complex. ABC operates a sand and gravel mine along the Agua Fria River. Because the mine is located within a designated floodplain, ABC had to secure written authorization from the District before beginning its mining operations. A.R.S. §§ 48-3603(A), (C), -3613(A). ABC obtained the requisite permit in 1985 and successfully renewed the permit until 2011.

¶3        Before its permit expired in May 2011, ABC submitted a renewal application and fee to the District. After conducting an administrative completeness review, the District notified ABC that its application was deficient and additional information would be required. When ABC failed to supplement its renewal application, the District sent ABC a follow-up letter stating that the existing permit would soon expire. Despite the District's admonition, ABC failed to submit the requested

information, so the District issued ABC a notice of violation and cease and desist letter, declaring that ABC was operating without a permit and warning that ABC could be subject to civil fines.

**¶4**         After a violation hearing in September 2011, a District hearing officer determined that ABC had been operating without a permit since May 2011 and recommended that the District impose a financial penalty. Consistent with the hearing officer's recommendation, the District's chief engineer issued a final order concluding that ABC failed to successfully renew its permit and, as a result, imposed a $169,000 fine.

**¶5**         ABC appealed the final order to the District's Board of Hearing review (the Board), the entity tasked with reviewing the District's final orders. A.R.S. §§ 48-3603(C)(25), -3615.01(H). Without explaining the basis for its decision, the Board reversed the chief engineer's order.

**¶6**         In July 2012, the District sought judicial review of the Board's decision in superior court. *See* A.R.S. § 12-905(A). The superior court vacated the Board's decision, concluding it could not conduct meaningful review because the Board did not explain the basis for its determination. *Flood Control Dist. of Maricopa Cnty. v. ABC Sand and Rock Co., Inc.*, 1 CA-CV 13-0450, 2014 WL 2599928, at *2, ¶ 11 (Ariz. App. June 10, 2014) (mem. decision). ABC appealed the superior court's remand order, and this court affirmed. *Id*. at *1, ¶ 1.

**¶7**         In the interim, ABC filed a complaint against the District and the Board in superior court, alleging, among other things, that both entities violated 42 U.S.C. § 1983 by infringing on ABC's constitutional rights to free speech, due process, and equal protection. *See ABC Sand and Rock Co., Inc. v. Maricopa Cnty.*, CV 13-00058-PHX-NVW, 2013 WL 6059296, at *2-3 (D. Ariz. Nov. 18, 2013). The District removed the matter to federal court and the federal district court dismissed ABC's complaint on ripeness grounds, concluding that ABC had not yet suffered any concrete and particularized injury. *Id*. at *2-5. ABC appealed the district court's ruling, and the Ninth Circuit affirmed. *ABC Sand and Rock Co. Inc. v. Cnty. of Maricopa*, 627 F. App'x 626 (9th Cir. 2015).

**¶8**         After the district court's dismissal of the federal case, the Board, on remand from this court and the superior court in the administrative appeal, issued a more detailed determination, again denying the chief engineer's order and dismissing the fine levied against ABC, but concluding that ABC had, in fact, failed to renew its operating permit. ABC appealed the Board's order, and both the superior court and

this court affirmed. *ABC Sand and Rock Co. Inc. v. Flood Control Dist. of Maricopa Cnty.*, 1 CA-CV 16-0294, 2017 WL 6558741, *2, *7, ¶¶ 9, 29 (Ariz. App. Dec. 21, 2017) (mem. decision).

¶9 While that second administrative appeal was pending, a District employee prepared and circulated a permit of short duration allowing ABC to continue its mining operations while its long-term permit application was under review. About the same time, ABC lobbied the legislature to reject a bill supported by the District. Ultimately, the District did not issue a short-duration permit to ABC, and the chief engineer sent ABC another notice of violation and cease and desist letter.

¶10 In January 2016, the District held another violation hearing to determine whether ABC had operated a mine in a floodplain without a permit and, if so, what fine, if any, should be imposed. *ABC Sand and Rock Co. Inc. v. Flood Control Dist. of Maricopa Cnty.*, 1 CA-CV 19-0652, 2021 WL 58145, at *3, ¶ 15 (Ariz. App. Jan. 7, 2021) (mem. decision). The hearing officer found that ABC had mined in a floodplain without a permit but recommended the imposition of a fine only for the period between July 30, 2015 and November 30, 2015.

¶11 The chief engineer adopted most of the hearing officer's recommendations, but also imposed a daily, continuing fine from December 23, 2015 "until the date ABC ceases to operate in the floodplain without a valid floodplain use permit." *Id.* at *3, ¶ 18. ABC appealed the chief engineer's order to the Board. Following a hearing, the Board upheld the chief engineer's order, but reduced the amount of the ongoing daily fine.

¶12 ABC sought judicial review of the Board's decision in the superior court, alleging, among other things, that the District imposed fines "in retaliation for [its] exercise of its rights to redress and speak freely." According to ABC, the District refused to grant its requests for a short-duration permit because it publicly opposed pending legislation supported by the District. ABC further asserted that this alleged retaliation violated both its "First Amendment Rights" and its right to equal protection under the law.

¶13 Upon ABC's request, the superior court held a three-day evidentiary hearing.[1] *Id.* at *4, ¶ 20. Following the evidentiary hearing and

---

[1] On August 10, 2017, before the evidentiary hearing, the District issued ABC a floodplain use permit.

oral argument, the superior court entered an order upholding the Board's decision and rejecting ABC's contention that the District's actions were politically motivated or retaliatory, concluding that the evidence did not support such inferences.

¶14 On appeal to this court, ABC argued the superior court erroneously applied waiver to its claim that the District engaged in retaliation in violation of ABC's constitutional rights. Finding no merit to ABC's assertion, this court concluded that the superior court "expressly considered and rejected" ABC's claim of politically-motivated retaliation. *Id.* at \*6, ¶ 34.

¶15 While the third administrative appeal was pending, ABC filed the present lawsuit against the Defendants in superior court. Specific to this appeal, the complaint alleged that the Defendants violated ABC's rights, under the Arizona Constitution, to: freedom of speech (Count 1), petition (Count 2), due process of law (Count 3), and equal privileges and immunities (Count 4). The complaint also alleged that the District violated Arizona's Regulatory Bill of Rights, A.R.S. § 48-3642, (Count 5). ABC premised each claim on the same assertions: in retaliation for ABC's political speech, the District (1) imposed permit requirements on ABC that were not imposed on any similarly-situated mining operation, (2) denied ABC's permit requests, (3) demanded fees from ABC, and (4) imposed fines on ABC.

¶16 The District moved to dismiss ABC's constitutional claims, asserting that the claims were procedurally barred by issue preclusion and that the constitutional provisions underlying the claims are not self-effectuating. Without addressing the District's issue-preclusion argument, the superior court dismissed Counts 1 through 4 on the basis "that the constitutional claims [are] not self-effectuating."[2]

¶17 The superior court also granted the District's motion for summary judgment on ABC's regulatory violation claim (Count 5). Apart from finding that the District had a valid legal basis for its actions and had acted within its lawful discretion, the court concluded that ABC failed to present any "credible evidence" to support its allegations that the District denied its permit requests in retaliation for political speech.

---

[2] By the time the superior court ruled on the District's motion to dismiss in this case, the superior court, in the parallel third administrative appeal, entered its order upholding the Board's decision.

**¶18**          Given the dismissal and summary judgment rulings, the superior court entered final judgment in favor of the District, dismissing all claims with prejudice. ABC unsuccessfully moved for a new trial and then appealed.

## DISCUSSION

**¶19**          ABC challenges the superior court's dismissal of its constitutional claims, arguing that the constitutional provisions underlying Counts 1 through 4 are self-executing and provide for a private cause of action for damages. ABC also asserts the superior court improperly granted summary judgment on its regulatory violation claim, contending that whether the District retaliated against ABC because it engaged in political speech is a disputed issue of material fact. The District, in turn, maintains that ABC is procedurally barred from prosecuting any of the claims because each is predicated on ABC's allegation of politically-motivated retaliation, which ABC litigated and the superior court resolved in the third administrative appeal.

**¶20**          We review dismissal and summary judgment rulings de novo. *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012); *State Comp. Fund v. Yellow Cab Co. of Phoenix*, 197 Ariz. 120, 122, ¶ 5 (App. 1999). We also review de novo the preclusive effect of a prior judgment. *Howell v. Hodap*, 221 Ariz. 543, 546, ¶ 17 (App. 2009). Although the superior court did not rely on the doctrine of issue preclusion, the District raised it as a defense, and "we will affirm the court's ruling[s] on any legal theory supported by the record." *Pettit v. Pettit*, 218 Ariz. 529, 531, ¶ 4 (App. 2008).

**¶21**          To "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and . . . encourage reliance on adjudication," *Ferris v. Hawkins*, 135 Ariz. 329, 331 (App. 1983) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)), the doctrine of issue preclusion bars a party from relitigating an issue or fact that it "has previously litigated to a determination on the merits in another action," *Gilbert v. Bd. of Med. Exam'rs*, 155 Ariz. 169, 174 (App. 1987), abrogated by statute on other grounds as noted in *Goodman v. Samaritan Health Sys.*, 195 Ariz. 502, 508, ¶ 25 n.7  (App. 1999)). While issue preclusion may be invoked even when a second action is not based upon the same claim as the first action, it only applies if: "the issue or fact to be litigated was actually litigated in a previous suit [or proceeding], a final judgment was entered, and the party against whom the doctrine is to be invoked had a full opportunity to litigate the matter and actually did litigate it, provided such issue or fact was

essential to the prior judgment." *Kopp v. Physician Group of Ariz., Inc.*, 244 Ariz. 439, 442, ¶ 14 (2018) (citations and emphasis omitted).

**¶22** A decision rendered in an administrative proceeding may have a preclusive effect, but only if it resolves an issue that was properly considered, meaning "no formal barriers" hindered the litigant from presenting the issue in full. *Smith v. CIGNA HealthPlan of Ariz.*, 203 Ariz. 173, 180, ¶ 23 (App. 2002) (quoting Restatement (Second) of Judgments § 26 cmt. c (1980)); *see also Hawkins v. State Dep't of Econ. Sec.*, 183 Ariz. 100, 103-04 (App. 1995) ("[W]hen an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose." (citations omitted)).

**¶23** While ABC denies that issue preclusion bars its claims, it does not dispute that it raised the issue of politically-motivated retaliation in its third administrative appeal. Nor does ABC contest that the superior court entered a final judgment on the merits in the third administrative appeal or that this action, for purposes of issue preclusion, involves the same parties. ABC asserts only that it was denied the opportunity to fully litigate the retaliation issue in the prior proceedings.

**¶24** To be sure, ABC raised the retaliation issue before the Board as part of the third administrative appeal. But ABC asserts that its ability to litigate the issue and present evidence was constrained "at the Board level" by the governing procedural rules (Arizona Civil Traffic Rules of Procedure), which, among other things, do not provide for prehearing discovery absent extraordinary circumstances. Ariz. Civ. Traf. R. 13(a). Whether the procedural rules hindered ABC's ability to litigate the retaliation issue before the Board is not dispositive, however, because the superior court, in reviewing the Board's decision, held a three-day evidentiary hearing, at ABC's request, and assumed the role of fact-finder. *See* A.R.S. § 12-910.

**¶25** Without question, ABC squarely raised the retaliation issue in its superior court filings, and ABC does not contest that its presentation of evidence during the evidentiary hearing was unhampered. As reflected in the record, ABC called and questioned witnesses, introduced exhibits, and otherwise had considerable latitude to litigate the retaliation issue during the lengthy evidentiary hearing. *See Chaney Bldg. Co. v. City of Tucson*, 148 Ariz. 571, 573 (1986) ("When an issue is properly raised by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated.") (citing Restatement (Second) of Judgments § 27 cmt.

d); *cf. CIGNA*, 203 Ariz. at 180, ¶ 26 (determining litigant who was not permitted to examine witnesses or lodge objections was denied a full and fair opportunity to litigate the issues). In fact, ABC acknowledges that the superior court admitted "a significant amount of evidence" concerning politically-motivated retaliation during the three-day hearing.

**¶26** ABC nonetheless maintains that it was denied a "full and fair opportunity" to litigate the retaliation issue because the superior court failed to consider the evidence it put forward. But this argument misconstrues the scope of the superior court's review and does not properly account for issue preclusion.

**¶27** Under A.R.S. § 12-910, which governs appellate review of a final administrative decision, the reviewing court may consider new or additional evidence, including testimony from witnesses who were not called to testify at the administrative hearing and exhibits that were not offered during the administrative hearing. Contrary to ABC's repeated contention, the superior court did not "indicate" that it refused to "consider any evidence that was not presented at the [administrative] hearing." Rather, the superior court stated that it did not consider evidence that "occurred" after the administrative hearing. *See Tucson Elec. Power Co. v. Ariz. Corp. Comm'n*, 132 Ariz. 240, 244 (1982) ("[E]vidence of events occurring subsequent to [an administrative hearing] is not admissible."). To that point, the only evidence ABC identifies as arising *after* the administrative hearing pertains to the District's continuing refusal to issue ABC a short-duration permit. ABC does not dispute that it was permitted to submit evidence of the District's refusals that occurred before the hearing date.

**¶28** In its order, the superior court expressly found that ABC had failed to present evidence "to support an inference" that the District engaged in politically-motivated retaliation. And this court made clear on appeal that the superior court had not applied waiver, but had considered ABC's retaliation claim and determined ABC presented no evidence to substantiate it. *ABC Sand and Rock Co. Inc.*, 1 CA-CV 19-0652, at *6, ¶ 34.

**¶29** Although ABC sought different relief in this litigation than it pursued in the third administrative appeal, by its own admission, the "core" issue underlying both actions was the same—whether the District

retaliated against ABC in response to its political speech.[3] Because ABC had the opportunity to fully litigate this issue in the third administrative appeal and the superior court specifically ruled against ABC on this issue in its order, and incorporated its findings into a final judgment, the doctrine of issue preclusion barred ABC from relitigating the retaliation issue in this appeal. For this reason, we affirm the superior court's judgment dismissing ABC's claims with prejudice.

## CONCLUSION

¶30        We affirm the superior court's judgment. Because ABC has not prevailed, we deny its request for attorneys' fees. *See* A.R.S. §§ 12-341.01(A); 48-3644(E).



AMY M. WOOD • Clerk of the Court
FILED:    AA

---

[3]      In its appellate briefing, ABC made clear that its Regulatory Bill of Rights claim was predicated on the District's "decision not to issue ABC a license or a permit of short duration because ABC engaged in political speech."