NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JOHN SCOTT PRINGLE, *Plaintiff/Appellant*,

*v.*

TERONE MIXON, *Defendant/Appellee*.

No. 1 CA-CV 21-0742
FILED 2-2-2023

Appeal from the Superior Court in Maricopa County
No. CV2018-096687
The Honorable Rodrick J. Coffey, Judge

**AFFIRMED**

APPEARANCES

Lorona Mead, PLC, Phoenix
By Jess A. Lorona
*Counsel for Appellant*

Bremer Whyte Brown & O'Meara LLP, Tempe
By Adam P. Campbell, J. William VanDehei
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Brian Y. Furuya and Judge Paul J. McMurdie joined.

---

**C A M P B E L L**, Judge:

¶1        John Scott Pringle appeals from a judgment in favor of Terone Mixon following a jury verdict. He challenges several of the superior court's pretrial evidentiary rulings and its entry of partial summary judgment in Mixon's favor. For the following reasons, we affirm.

## BACKGROUND[1]

¶2        This action arises out of a motor vehicle collision. While driving a car for a ride-share company during predawn hours, Mixon made a U-turn before an intersection, turning into a street's far-right lane directly in front of Pringle's oncoming motorcycle. To avoid a collision, Pringle maneuvered his motorcycle into the adjacent left lane. Once he passed Mixon's car, Pringle veered back through the right lane and substantially decelerated or stopped in the bike lane, near the shoulder of the road. Moments later, Pringle accelerated, caught up with Mixon's car, and matched Mixon's speed—driving his motorcycle parallel to Mixon's car. Though dark out, Mixon initially could see Pringle outside his car's passenger window. Soon after, Mixon steered to the right, ostensibly to make a right-hand turn, and struck the motorcycle with the rear passenger side of his vehicle, causing Pringle to lose control and crash.

¶3        Though he did not approach Pringle or Pringle's passenger, Tamira Hall, after the collision, Mixon stopped and called 9-1-1, and emergency responders soon arrived at the scene. While medical personnel attended to Pringle, who was substantially injured, a police officer interviewed Mixon and Hall. Based on their statements, the responding officer cited Pringle for the collision.

---

[1]        In reviewing a grant of summary judgment, we view the facts and the reasonable inferences drawn from those facts in the light most favorable to the non-moving party. *State Comp. Fund v. Yellow Cab Co. of Phx.*, 197 Ariz. 120, 122, ¶ 5 (App. 1999).

¶4 After a secondary investigation, the State charged Pringle with driving under the influence based on his intoxication at the time of the collision. Pringle pled guilty, and as part of the criminal case, Mixon requested restitution for the property damage to his vehicle and lost wages. Mixon testified at a restitution hearing, but the superior court denied his request, concluding that Mixon's "own actions . . . likely contributed—in whole or in part—to the resulting collision" and determining that "a civil forum would better address the amount of causation and damages attributable to each party."

¶5 Nearly two years after the collision, Pringle filed a complaint against Mixon, alleging Mixon negligently caused the collision and Pringle's resulting injuries and property damage. Apart from compensatory damages, Pringle sought punitive damages, alleging that Mixon's conduct was "willful, wanton, grossly negligent and reckless."

¶6 Mixon answered, denying liability and alleging that Pringle negligently caused the collision. Mixon then moved for partial summary judgment on punitive damages, arguing Pringle failed to allege facts sufficient to support a claim that Mixon intentionally or recklessly caused the collision. After briefing and oral argument, the superior court entered summary judgment in Mixon's favor on punitive damages, finding Pringle failed to present "evidence that would allow a reasonable finder of fact to find that [Mixon] acted intentionally or sufficiently recklessly when [Mixon's] car hit [Pringle's] motorcycle."

¶7 Before trial, both parties moved in limine to preclude various evidence. As relevant to this appeal, Mixon moved in limine to preclude: (1) both the restitution order and his restitution-hearing testimony from Pringle's criminal case; and (2) defense experts' deposition transcripts, reports, and affidavits "in unrelated matters." In response, Pringle: (1) agreed not to introduce the restitution order as evidence but reserved the right to present Mixon's restitution-hearing testimony for impeachment purposes; and (2) agreed not to introduce the defense experts' transcripts and reports as evidence but reserved the right to present the defense experts' prior statements for non-collateral impeachment purposes. Meanwhile, Pringle moved in limine to preclude evidence that he was intoxicated at the time of the collision and later pled guilty to driving under the influence.

¶8 After briefing and oral argument, the superior court: (1) noted, among other things, that the parties stipulated to preclude evidence of the restitution order and denied Mixon's request to preclude his

restitution-hearing testimony, agreeing that the evidence was admissible for impeachment purposes; (2) denied Mixon's request to preclude his defense experts' prior statements, finding the prior statements admissible for non-collateral impeachment purposes; and (3) denied Pringle's request to preclude evidence of his intoxication and criminal conviction.

¶9            Entering a special verdict, a jury found in favor of Mixon "on the basis that [Pringle] was under the influence of an intoxicating liquor, and as a result of that influence, [he] was at least 50% responsible for the accident that caused his injuries." The superior court entered final judgment in favor of Mixon and awarded him his costs and expert fees. Pringle timely appealed.

## DISCUSSION

¶10            To begin with, we note that Pringle failed to cite relevant supporting authority and present developed arguments for any of his claims on appeal. By failing to present reviewable arguments, Pringle has waived these issues. *See* ARCAP 13(a)(7); *see also In re Aubuchon*, 233 Ariz. 62, 64–65, ¶ 6 (2013) ("[W]e consider waived those arguments not supported by adequate explanation, citations to the record, or authority."); *Polanco v. Indus. Comm'n of Ariz.*, 214 Ariz. 489, 491, ¶ 6 n.2 (App. 2007) (noting that an appellant's failure to develop and support an argument waives the issue on appeal). Waiver aside, we try to discern and address Pringle's contentions.

### I.      Evidentiary Rulings

¶11            Pringle challenges several of the superior court's evidentiary rulings. "We review evidentiary rulings for an abuse of discretion and generally affirm a [superior] court's admission or exclusion of evidence absent a clear abuse or legal error and resulting prejudice." *John C. Lincoln Hosp. & Health Corp. v. Maricopa County*, 208 Ariz. 532, 543, ¶ 33 (App. 2004). "Prejudice will not be presumed but must be evident from the record." *Town of Paradise Valley v. Laughlin*, 174 Ariz. 484, 487 (App. 1992).

¶12            First, Pringle contends the superior court erred by granting Mixon's motions in limine to preclude the evidence from the restitution hearing and defense experts' unrelated transcripts, reports, and affidavits. But the record reflects that the superior court's rulings precisely tracked the positions Pringle advanced—that the documents at issue would not be admitted at trial, but prior statements, from both Mixon and his expert witnesses, would be admissible for impeachment purposes. Having urged the superior court to adopt those admissibility parameters, Pringle "may

not upon appeal assign that action as error." *Caruthers v. Underhill*, 235 Ariz. 1, 7, ¶ 23 (App. 2014) (quotation omitted).

¶13        Next, Pringle argues the superior court erred by denying his motion in limine to preclude evidence of his intoxication at the time of the collision and his subsequent conviction for driving under the influence.

¶14        Relevant evidence is admissible unless it is precluded by the federal or state constitutions, an applicable statute, or rule. Ariz. R. Evid. 402. Evidence is relevant if it has "any tendency" to make a fact of consequence in determining the action "more or less probable than it would be without the evidence." Ariz. R. Evid. 401. That said, even relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of . . . unfair prejudice[.]" Ariz. R. Evid. 403.

¶15        Applying these rules, evidence of Pringle's intoxication tended to prove that his driving contributed to the motor vehicle collision. Put differently, evidence that Pringle pled guilty to being "impaired to the slightest degree," A.R.S. § 28-1381(A)(1), coupled with uncontroverted expert opinion from Mixon's toxicology expert about the impaired driving abilities of intoxicated persons generally, made Mixon's account—that Pringle pulled his motorcycle parallel to the car, hit the passenger-side window with his fist, lost control of his bike, and then struck the car—more probable. On this record, the superior court did not abuse its discretion by implicitly finding evidence of Pringle's intoxication both relevant and more probative than prejudicial, and denying Pringle's motion in limine accordingly.

¶16        Finally, Pringle asserts the superior court erred by admitting two videos recorded by Mixon's vehicle's dash-mounted camera (dashcam), claiming Mixon edited them to remove incriminating evidence. Admittedly, Pringle did not object to the admission of the videos at trial. Pringle waived the issue on appeal by failing to challenge the admissibility of the videos in the superior court. *Odom v. Farmers Ins. Co. of Ariz.*, 216 Ariz. 530, 535, ¶ 18 (App. 2007) ("[A]rguments raised for the first time on appeal are untimely and deemed waived."). Even in the absence of waiver, Pringle's contention that the videos were edited to remove three seconds of footage—"[t]he most important part"—is belied by the record, including his testimony.

¶17        During his deposition, Mixon explained that his dashcam records in "two-minute clips." At the scene of the collision, Mixon showed the dashcam footage of the incident—comprised of two two-minute

videos—to a responding officer. Pringle, in turn, testified at his deposition that three seconds were "missing" from the videos, as reflected on the videos' timestamps. When asked whether he recalled what happened during the gap between the videos, Pringle repeatedly testified that Mixon held a cell phone outside his window, presumably to record Pringle's activities. He also stated that the video failed to show Mixon driving on his right side, slowing down, and then moving to his left side. Contrary to his argument on appeal, Pringle did not testify that the time gap failed to record an important act showing Mixon's gross negligence or recklessness. In fact, Pringle explained that the videos failed to capture Mixon's "aggressiveness" because of the dark conditions and the vehicles' speed, expressly denying that the purported failure was attributable to the "missing three seconds." In sum, Pringle failed to cite, and our review of the record has not revealed, any evidence to support his contention that Mixon "altered" or "suppressed" video evidence. On this record, the superior court did not abuse its discretion by admitting Mixon's two dash-cam videos.[2]

## II.     Summary Judgment Ruling on Punitive Damages

¶18          Pringle next challenges the superior court's partial summary judgment ruling in favor of Mixon on Pringle's claim for punitive damages. As outlined in his brief, Pringle argues that the "missing" three seconds from the dashcam videos showed Mixon intentionally "swerving and hitting Pringle two separate times."

¶19          We review de novo the superior court's application of the law. *State Comp. Fund*, 197 Ariz. at 122, ¶ 5; *see also* Ariz. R. Civ. P. 56(a) ("The court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law."). We will affirm the entry of summary judgment "if the evidence produced in support of the defense or

---

[2]     To the extent Pringle challenges the superior court's admission of a redacted police officer body-camera video, the record reflects that Pringle, not Mixon, sought those redactions. Accordingly, Pringle may not challenge those redactions on appeal. *Caruthers*, 235 Ariz. at 7, ¶ 23; *see also State v. Logan*, 200 Ariz. 564, 565, ¶ 9 (2001) ("If an error is invited, we do not consider whether the alleged error is fundamental, for doing so would run counter to the purposes of the invited error doctrine.").

claim has so little probative value that no reasonable person could find for its proponent." *State Comp. Fund*, 197 Ariz. at 122, ¶ 5.

**¶20**　　　　To establish a claim for punitive damages, "a plaintiff must prove by clear and convincing evidence that the defendant's conduct was undertaken with an evil mind." *Tritschler v. Allstate Ins. Co.*, 213 Ariz. 505, 517, ¶ 38 (App. 2006) (internal quotation omitted). "An evil mind can be found either when the defendant intended to injure the plaintiff or when the defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to others." *Id.* (internal quotation omitted). "This standard is met by evidence of a defendant's conscious and deliberate disregard of the interests and rights of others." *Id.* (internal quotation omitted).

**¶21**　　　　As discussed, Pringle's deposition testimony contradicts his appellate claim that a "missing" portion of the dashcam videos showed Mixon intentionally swerving his car into the motorcycle. And Pringle cites no other evidence to support a claim for punitive damages. Given Pringle's framing of the issue on appeal, we conclude the superior court did not err by granting partial summary judgment in favor of Mixon on the claim for punitive damages.

## CONCLUSION

**¶22**　　　　For all these reasons, we affirm. Mixon requests an award of his attorneys' fees and costs on appeal under A.R.S. § 12-349(A) (mandating an award of attorney's fees if a party brings a claim "without substantial justification") and ARCAP 25 (authorizing a sanction of attorney's fees and costs for a frivolous appeal).[3] On this record, and in consideration of the A.R.S. § 12-350 factors, we conclude both that Pringle brought this appeal without substantial justification—having requested several rulings he now challenges on appeal and offering no evidence to support his contention

---

[3]　　　Alternatively, Mixon requests that the court sanction Pringle by dismissing the appeal. In our discretion, we deny this request.

that Mixon edited the dashcam videos to remove incriminating evidence—and that the appeal is frivolous. As a result, we award Mixon his reasonable attorneys' fees and costs upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA